## A93A1363. SIMPLEX-RAPID di BOSCHIERO v. ITALIA ASSICURAZIONI.

### (433 SE2d 309)

BLACKBURN, Judge.

The appellant, Simplex-Rapid di Boschiero, commenced this action in the Superior Court of Fulton County against the appellee, Italia Assicurazioni, to recover under a cargo insurance policy for goods damaged during shipment. The trial court dismissed the action for lack of personal jurisdiction, and this appeal followed.

The record shows that the appellant is an Italian manufacturer whose principal place of business is in Milan, Italy. The appellee (now known as La Fondiaria Assicurazioni S.p.A.) is an Italian insurance company doing business in Florence, Italy. The appellee is not registered to do business in the United States, and does not solicit business from or write insurance in the United States. At the time pertinent to this appeal, it did, however, retain the Great American Insurance Company (Great American), headquartered in New York, as a settling correspondent to survey damaged goods and forward claims made by consignees in the United States.

The insurance policy in this case is a cargo insurance policy written in Italian, issued to yet another Italian company, Crowe S.R.L., a freight forwarder which is not a party to this action. In October 1989, the appellant shipped a spring coil machine, via the freight forwarder, from Milan to Iowa, with an intermediate stop at the Georgia World Congress Center in Atlanta, Georgia. Damage to the shipment was noticed in Atlanta, and the appellant contacted Great American to file a claim under the policy. After a surveyor assessed the damage, the machine was returned to the appellant's place of business in Italy. In May 1990, the appellee denied the claim, and this action ensued.

OCGA § 9-10-91 provides, in pertinent part, that Georgia courts may exercise personal jurisdiction over any nonresident who: "(1) Transacts any business within this state. . . ." This statute requires a nonresident to do certain acts within Georgia before it can be subjected to personal jurisdiction in this state's courts. In fact, "[i]n Georgia, a due process analysis is appropriate only after it is first established that the nonresident defendant committed one of the acts described in the Long-Arm Statute." *McDonnell v. Roy E. Beatty · & Assoc.*, 203 Ga. App. 807, 808-809 (1) (418 SE2d 95) (1992).

In the instant case, we agree with the trial court that the appellee transacted no business in this state such that the Georgia Long Arm Statute conferred personal jurisdiction over it. As noted above, the appellee was not authorized to transact business in this state, and it did not solicit business from the United States. Its place of business actually was in Italy, and the insurance policy in question was issued in Italy to another Italian company. The appellant also is an Italian

company with its place of business in Italy. The only contact either party had with Georgia was the intermediate stop of the shipment in this state, which was done at the unilateral instance of the appellant.

With regard to obtaining personal jurisdiction over a nonresident on the basis of transacting any business within this state, the Georgia Long Arm Statute "has been interpreted to mean that 'purposeful acts' must have been performed by the defendant to tie it to the State. . . ." *Mayacamas Corp. v. Gulfstream Aerospace Corp.*, 190 Ga. App. 892, 893 (380 SE2d 303) (1989). The appellee in this case has performed no acts, much less "purposeful acts," to tie itself to Georgia.

The appellant contends that the appellee's designation of Great American as its settling correspondent, which apparently had a Georgia telephone referred to in the policy, constitutes a transaction of business within this state. However, it is uncontroverted that Great American was retained only as a settling correspondent, for the limited purpose of receiving claims and transmitting them to the appellee, and was without authority to settle any claims. Moreover, despite Great American's Georgia telephone, all contact between the appellant and Great American, and between the appellee and Great American, was conducted with Great American's New York office, including the appellant's attempt to have Great American acknowledge service on behalf of the appellee. Under these circumstances, the appellee's use of Great American as a settling correspondent for claims arising in the United States was insufficient to tie the appellee to this state.

In summary, the Italian appellee insured a non-party Italian freight forwarder, which, at the direction of the Italian appellant, undertook to ship the appellant's goods to Iowa with an intermediate stop in Atlanta, where the goods were discovered to be damaged. Under these facts, the appellee insurer transacted no business within Georgia, and the trial court thus properly dismissed the action due to lack of personal jurisdiction over the appellee.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JUNE 4, 1993 —
RECONSIDERATION DENIED JUNE 18, 1993 — 

*Drew, Eckl & Farnham, John G. Blackmon, Jr., Virginia A. Green*, for appellant.

*Fellows, Johnson, Davis & Labriola, Henry D. Fellows, Jr., Stephen T. Labriola*, for appellee.