**CAREKEEPER SOFTWARE DE-VELOPMENT COMPANY, INC., Plaintiff,**

v.

**Jay L. SILVER, Defendant.**

**No. Civ.A. 1:98–CV–2468–JOF.**

United States District Court, N.D. Georgia, Atlanta Division.

April 28, 1999.

J. Scott Carr, Kristen D.A. Carpenter, Altman, Kritzer & Levick, Atlanta, GA, for plaintiff.

Martin Shellist, Houston, TX, for defendant.

## ORDER

FORRESTER, District Judge.

This case is before the court on Defendant's motion to dismiss for lack of personal jurisdiction or for improper venue [4–1].

## I. STATEMENT OF THE CASE

Plaintiff, CareKeeper Software Development Company, Inc., filed this declaratory judgment action on August 26, 1998. Defendant Jay L. Silver was hired by Plaintiff, a small software development company, on November 27, 1997 as the Vice-President of Finance and Business Development. Defendant was hired on what Plaintiff describes as a one-year trial basis. On July 29, 1998, however, Defendant was discharged for allegedly performing poorly. Subsequent to his discharge, Defendant contacted Plaintiff, through counsel, and asserted that his discharge breached an alleged employment agreement between the parties. In its complaint, Plaintiff seeks a declaration from the court that Defendant was an at-will employee and that no employment contract is now in existence or was in existence at any relevant time. In addition, Plaintiff seeks to recover attorney's fees and costs pursuant to O.C.G.A. § 13–6–11.

Plaintiff is a Georgia corporation with its headquarters in Dunwoody, Georgia. Plaintiff states that of its twenty employees, nineteen are located in Georgia, as are all of its files and records. At all times relevant to this action, Defendant resided outside of Houston, Texas. In addition, Defendant asserts that all of the negotiation which took place prior to Plaintiff hiring him occurred by telephone while he was in Texas and that the expectation of the parties was that much of his work would be done in Texas and places other than Atlanta.

Plaintiff has submitted travel vouchers showing that Defendant was in Atlanta on company business at least fifty-five days of the eight-month period he was employed by Plaintiff. In addition, Plaintiff has submitted the affidavit of its Chief Executive Officer, Dorothy Levy, stating that by virtue of his position, Defendant was the third highest ranking executive in the company. Defendant was also in daily contact with the office in Atlanta through mail, facsimile, electronic mail, telephone, and a networked computer. In other words, Defendant appears to have been essentially telecommuting. Further, Ms. Levy states in her affidavit that she told Defendant on numerous occasions that as an executive of the company, it was expected that he would eventually move from Houston to Atlanta. Defendant's business card also listed the company's Atlanta office as his only business address.

Defendant contends that the parties' intent was for Texas law to apply to their relationship. Although Plaintiff denies that an employment agreement was ever entered into, several drafts of such an agreement were circulated by the parties. Plaintiff has submitted one such draft agreement which contains a choice of law clause denominating Georgia law as the governing law and a forum selection clause naming Georgia as the forum of choice.

## II. DISCUSSION

The court initially notes that it appears that Defendant's counsel is not admitted to the bar of this court and has failed to apply for admission *pro hac vice*. Despite this omission, the court will address Defendant's motion. Defense counsel is hereby cautioned, however, that he must comply with the local rules of this court. Defense counsel is also hereby DIRECTED to apply for admission *pro hac vice* pursuant to

Local Rule 83.1 within fifteen (15) days of the date of this order. If counsel fails to do so, the court will strike any and all pleadings filed by defense counsel.

### A. *Personal Jurisdiction*

 A federal court must have both statutory and constitutional authority in order to assert jurisdiction over a defendant. *See McGee v. International Life Insur. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). In order to determine if the court has personal jurisdiction over Defendant, then, the court must first look to Georgia's long arm statute, and, if Defendant can be reached by that statute, the court must then determine if an assertion of jurisdiction would be constitutional. *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990). Georgia's long arm statute confers personal jurisdiction to the maximum extent allowed under the Federal Constitution. *See Francosteel Corp. v. M/V Charm*, 19 F.3d 624 (11th Cir.1994). Therefore, the only inquiry here is a constitutional one.[1]

 The exercise of personal jurisdiction by a federal court satisfies the requirements of due process when: (1) The nonresident defendant has purposefully established minimum contacts with the forum ...; and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir.1994). Under Federal Rule of Civil Procedure 12, if challenged, it is the party who is asserting jurisdiction who bears the burden of alleging a prima facie case of personal jurisdiction. *See Robinson v. Giarmarco & Bill. P.C.*, 74 F.3d 253 (11 Cir.1996); *Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491, 494 (5th Cir.1989). This prima facie case must consist of enough evidence to withstand a directed verdict and the facts as alleged in the complaint must be taken as true. *Robinson*, 74 F.3d at 255. The court will first assess Defendant's contacts with the forum.

### 1. *Minimum Contacts*

 In examining Defendant's contacts with the forum, it is important for the

---

1. The court recognizes that there is some question over whether the Georgia courts continue to read Georgia's long arm statute to the full extent of due process or whether the text of Georgia's long arm statute is more restrictive than the Due Process Clause. *Compare Francosteel*, 19 F.3d at 627 ("Georgia's long arm statute confers in personam jurisdiction to the maximum extent allowed by the due process clause of the federal Constitution"), *with Howell v. Komori America Corp.*, 816 F.Supp. 1547, 1550–53 (N.D.Ga. 1993) (facts in all Eleventh Circuit precedent satisfied text of Georgia's long arm statute; thus, Eleventh Circuit assumed that the requirements of the long arm statute were met); *James Whiten Livestock, Inc. v. Western Iowa Farms*, 750 F.Supp. 529, 534–35 (N.D.Ga. 1990) (Georgia long arm statute is more restrictive than due process requirements); *Gust v. Flint*, 257 Ga. 129, 356 S.E.2d 513 (1987) (Georgia long arm statute controls exercise of personal jurisdiction by Georgia courts); *Pratt & Whitney Canada v.. Sanders*, 218 Ga.App. 1, 460 S.E.2d 94 (1995) (to exercise personal jurisdiction over a non-resident, one of the prongs of the long arm statute must

be met); *Simplex–Rapid v. Italia Assicurazioni*, 209 Ga.App. 121, 433 S.E.2d 309 (1993) (due process analysis is appropriate only if the defendant committed one of the acts listed in the long arm statute).

In *Francosteel*, however, the Eleventh Circuit held that, at least when considering contract claims, "Georgia's long arm statute confers in personam jurisdiction to the maximum extent allowed by the due process clause of the federal Constitution." *Francosteel*, 19 F.3d at 627. And, the court has not found any contrary Georgia Supreme Court authority decided since the Eleventh Circuit's decision in *Francosteel*. Accordingly, as a district court in this Circuit, this court follows the interpretation of Georgia's long arm statute for contract claims as announced in *Francosteel*. The Court further notes that, if due process prevents the exercise of personal jurisdiction over these Defendants, then deciding how to interpret Georgia's long arm statute becomes unnecessary. *See Allegiant Physicians Services v. Sturdy Memorial Hospital*, 926 F.Supp. 1106, 1112–13 (N.D.Ga.1996) (Hull, J.).

court to distinguish between the concepts of general and specific jurisdiction. Specific jurisdiction is jurisdiction exercised over a defendant in a suit arising out of or related to the defendant's contacts with the forum. General jurisdiction, on the other hand, is jurisdiction which may be exercised over a defendant in a suit which does not arise out of the defendant's contact with the forum. *See Carrillo*, 115 F.3d at 1542 n. 2. In the instant case, neither party has addressed the issue of general jurisdiction, and Plaintiff appears instead to argue that this court has specific jurisdiction over Defendant.

■ In order to constitute sufficient minimum contacts for the exercise of specific jurisdiction, Defendant's contacts with Georgia must satisfy three criteria. First, the contacts must have given rise, or be related, to the cause of action. Next, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum and thus invokes the benefits and protections of its laws. Finally, the contacts must be such that the defendant should reasonably anticipate being hailed into court in the forum. *Carrillo*, 115 F.3d at 1542; *quoting Vermeulen v. Renault U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir.1993).

■ Defendant contends first that this court lacks personal jurisdiction because Plaintiff's claims do not arise from, or are not related to, his contacts with Georgia. Specifically, Defendant maintains that all of the negotiations about his alleged employment contract took place by telephone while he was in Texas, and that any contacts he had with Georgia are not related to the existence, or nonexistence, of such a contract. The court, however, does not agree with the distinction Defendant attempts to draw. First, it appears from the draft contract submitted by Plaintiff that these negotiations may have at least continued into the time that Defendant was working for Plaintiff. In addition, as this case surrounds the nature of Defendant's

employment relationship with Plaintiff, it appears to the court that it is at least "related to" the contacts Defendant had with Georgia.

■ Defendant also asserts that he did not purposefully avail himself of the privilege of doing business in Georgia. Defendant characterizes his contacts with Georgia as the type of "random, isolated, or fortuitous" contacts that the purposeful availment requirement is designed to prevent from giving rise to jurisdiction. The court again disagrees. This circuit has recognized that an employment relationship is not a business relationship of the same complicated dimensions as the franchiseship found to be a sufficient contact by the Supreme Court in *Burger King v. Rudzewicz*, 471 U.S. 462, 478–79, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), and therefore it alone may not always be sufficient to support jurisdiction. *See Johnston v. Frank E. Basil, Inc.*, 802 F.2d 418, 420 n. 2 (11th Cir.1986); *Allegiant Physicians Services v. Sturdy Memorial Hospital*, 926 F.Supp. 1106, 1123 (N.D.Ga.1996) (Hull, J.). In the instant case, however, Defendant is an officer of a small Georgia corporation and has traveled to Georgia in order to perform his duties as Vice–President of that corporation. Further, although Defendant asserts that his primary place of work was outside of Georgia, it appears from the evidence presented that Defendant had significant and regular duties to attend to in Georgia as a result of his employment. The court finds that this type of contact is sufficient to meet the purposeful availment criteria.

■ Finally, Defendant argues that he could not have reasonably anticipated being hailed into court in Georgia. In support of this argument, Defendant contends that the parties intended Texas law to apply to any dispute arising out of his employment. Although not dispositive, the existence of a choice of law clause is to be considered as a factor in the personal jurisdiction analysis. *See Allegiant Physi-*

*cians Services*, 926 F.Supp. at 1116. In this case, Plaintiff has submitted a draft agreement not only designating Georgia law as the applicable law, but also selecting Georgia as the forum of choice. As a result, it appears to the court that Plaintiff has at least presented sufficient evidence to survive a directed verdict on this point. In addition, the court finds that as the Vice–President of a Georgia corporation, and one of only twenty employees, Defendant could reasonably have expected to be required to litigate in the Georgia courts. Thus, the court finds that Plaintiff has shown that Defendant had sufficient contacts with Georgia to support personal jurisdiction.

### 2. *Fair Play and Substantial Justice*

■ Because the court has found that Defendant has sufficient minimum contacts with Georgia, it is now necessary to determine if this is "one of those rare cases in which minimum requirements inherent in the concept of fair play and substantial justice ... defeat the reasonableness of jurisdiction." *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 116, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). In order to make this determination, the court is to examine the burden of litigating in Georgia on the Defendant, the interest of the forum, and the Plaintiff's interest in obtaining relief. *See Vermeulen*, 985 F.2d at 1551. In the instant case, the court finds that the exercise of jurisdiction over Defendant would not offend the traditional notions of fair play and substantial justice.

■ Defendant asserts that it would be a great burden for him, as an individual defendant, to litigate this case in a foreign state and that Georgia has little interest in adjudicating this case. As the Eleventh Circuit has pointed out, however, "modern methods of transportation and communication" have greatly reduced the burdens on foreign defendants. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 632 (11th Cir.1996). Further, it appears to the court that Georgia does indeed have an

interest in adjudicating disputes involving Georgia corporations. As a result, the court concludes that it does not offend notions of fair play and substantial justice to subject Defendant to the jurisdiction of this court. As a result, Defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

### B. *Venue*

Defendant also asserts that this case should be transferred to Texas on the basis of improper venue. Specifically, Defendant argues that the criteria for venue enumerated in 28 U.S.C. § 1391(a) cannot be met here. That statute provides in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

*See* 28 U.S.C. § 1391(a).

■ It is clear that the Defendant does not reside in this district. Plaintiff asserts, and this court agrees, however, that a substantial part of the events or omissions giving rise to the claim occurred in this district. As discussed above, it appears to the court that Defendant had many contacts with Georgia related to his employment, and it is his employment and discharge by Plaintiff that gives rise to this action. Accordingly, the court finds that venue is proper in this district. *See Andrade v. Chojnacki*, 934 F.Supp. 817 (S.D.Tex.1996) (stating that the court should accept venue under this provision if the activities that occurred in the forum

district were not insubstantial to the totality of events giving rise to action); *Neufeld v. Neufeld,* 910 F.Supp. 977 (S.D.N.Y.1996) (stating that this provision merely requires that a substantial part of the events giving rise to the action occurred in the forum district, even if a greater part of the events took place elsewhere). Defendant's motion to dismiss for improper venue is therefore DENIED as well.

## III. CONCLUSION

Defendant's motion to dismiss [4–1] is DENIED.