**Laurie Ann PITTS, as natural mother and guardian of George Lofton PITTS V, a minor child, Plaintiff,**

v.

**SENECA SPORTS, INC., Defendant.**

No. 603CV131.

United States District Court, S.D. Georgia, Statesboro Division.

May 20, 2004.

Mark A. Bradley, James B. Wessinger, III, Savannah, GA, for plaintiff.

Christopher W. Phillips, Dennis B. Keene, Hunter, Maclean, Exley & Dunn, PC, Savannah, GA, James S. Strawinski, Nicole Wolfe Stout, Strawinski & Goldberg, LLP, Atlanta, GA, for defendants.

## *ORDER*

EDENFIELD, District Judge.

### I. *INTRODUCTION*

Plaintiff Laurie Ann Pitts, on behalf of her minor son George Lofton Pitts V, brings this products liability action against defendant Seneca Sports, Inc. (Seneca).[1] Doc. #1. Seneca, despite having been served with formal (F.R.Civ.P. 4) process over four months ago, has yet to file an Answer or otherwise respond.[2] Accordingly, Pitts moves, under F.R.Civ.P. 55, for entry of default and default judgment. Doc. #27.

### II. *BACKGROUND*

Proceeding on negligence and breach of warranty theories, Pitts alleges that she purchased a "Rescue Heroes Mobile Command Post" tent, distributed by Seneca, at a Bulloch County, Georgia Kmart store. Doc. #7 ¶13. While playing with the tent, her son[3] "was struck [in the eye] by one of the [tent's] poles .... resulting in a severe tear in and around the iris." *Id.* ¶15; #1 exh. A. Accordingly, she seeks medical expenses, compensatory, and punitive damages. Doc. #7 at 12–13.

---

1. The original caption included defendants Kmart Corporation, Kmart Holding Corporation, and Fischer–Price, Inc. All have since been dismissed. Doc. #32. The Court has amended the above caption accordingly. All subsequent filings shall conform.

2. Upon bringing her action in state court, Pitts sent, by mail, a copy of the summons, Complaint, and request for waiver of service, to Seneca's registered agents in both Massachusetts (the state of its principal office) and Delaware (its state of incorporation). Seneca did not respond. Doc. #27 exh. A ¶7. Following removal by another defendant, Pitts amended her Complaint and sent it to Seneca's Massachusetts registered agent. Doc.

#27 exh. A ¶10. That mailing, however, was returned by the Post Office as undeliverable. *Id.* ¶11. Thereafter, she obtained a new summons from the Clerk of this Court, which, along with the Complaint and other documents, was private-process served on Seneca's registered agent in Massachusetts on 12/20/03. Doc. #27 exh. A ¶¶13–16 exh. B.

3. The name of Pitt's minor son is inconsistent throughout the Complaint—referred to as both "George Lofton Pitts V" and "Quinn." Doc. #7 ¶15. Such unclear writing needlessly burdens the Court. In that the caption references "George Lofton Pitts," the Court will stick with that version of the son's name.

### III. ANALYSIS

#### A. Default Judgment Criteria

■ A motion for default judgment[4] is not granted as a matter of right. Rather, F.R.Civ.P. 55 vests the Court with discretion to determine whether the judgment should be entered. *Patray,* 931 F.Supp. at 868. To that end, the following criteria guide the Court in exercising its default judgment discretion:

- The Court must have personal and subject-matter jurisdiction over the defendant.

- The presence of the Court's jurisdiction must appear on the face of the complaint.

- The well-pleaded *factual* allegations of the Complaint are accepted as true, except those relating to the amount of damages.

- However, the Complaint must state a cause of action.

- While the well-pleaded *facts* alleged in the Complaint are deemed admitted, plaintiff's *conclusions* of law are not, and the Court may grant only the relief for which a sufficient basis is asserted (hence, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover).

- Once the Court determines that a default judgment should be entered, it then determines the amount and character of the recovery that should be awarded.

- Generally, damages may be awarded without a hearing if they are for a liquidated amount.

- However, a plaintiff must also establish that the amount is reasonable under the circumstances.

- For damages, the Court can take evidence when necessary, or compute them from the facts of record.

- Neither the plaintiff nor the defendant has a right to a jury trial on the issue of damages.

*Id.* at 868–870 (paraphrased).

■ Applying these criteria, three distinct matters emerge as essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages. Before the Court can grant plaintiff's motion for default judgment, all three must be established. Each is considered below.

#### B. Jurisdiction

##### 1. Subject Matter Jurisdiction

■ The Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332, as Seneca is incorporated in Delaware and has its primary place of business in Massachusetts (*see* 28 U.S.C. § 1332(c)) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"), while Pitts is a resident of Georgia. Doc. # 7 at 1–2.

##### 2. Personal Jurisdiction

■ "A federal court must have both statutory and constitutional authority in order to assert [personal] jurisdiction over a [non-resident] defendant" such as Seneca. *CareKeeper Software Dev. Co. v. Silver,* 46 F.Supp.2d 1366, 1369 (N.D.Ga. 1999). Thus, "the court must first look to Georgia's long arm statute, and, if [d]efen-

---

4. The Court is authorized to grant the *Clerk's* entry of default. *See* Rule 55(a); *Patray v. Northwest Pub., Inc.,* 931 F.Supp. 865, 868 n. 3 (S.D.Ga.1996). But that is merely a fact noted on the docket, after which the non-appearing party loses the right to receive notice of future proceedings. *Id.* At that point the plaintiff can further move for default judgment if the other conditions of Rule 55(b)(1) are met. *Id.*

dant can be reached by that statute, the court must then determine if an assertion of jurisdiction would be constitutional. Georgia's long arm statute confers personal jurisdiction to the maximum extent allowed under the Federal Constitution. Therefore, the only inquiry here is a constitutional one." *Id.* (cites omitted); *see also Continental Research Corp. v. Reeves,* 204 Ga.App. 120, 123, 419 S.E.2d 48 (1992). That, of course, requires that Seneca have "minimum contacts" with Georgia and that asserting jurisdiction would not offend "traditional notions of fair play and substantial justice." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291–92, 100 S.Ct. 559, 62 L.Ed.2d 490 (1979).

According to plaintiff's Complaint, Seneca "is a Delaware corporation doing business in the State of Georgia" and "has been engaged in the business of manufacturing and distributing 'Rescue Heroes' tents ... to the general public through retail stores located throughout Georgia...." Doc. # 7 ¶¶ 3 & 10. The Court interprets that to mean that Seneca distributed its tents nationally and thus is chargeable with knowledge that some would ultimately be sold by Georgia Kmart stores. *Id.* ¶ 13.

That supports the Court's personal jurisdiction over Seneca. "A forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World–Wide Volkswagen,* 444 U.S. at 297–298, 100 S.Ct. 559; *see also Asahi Metal Indus. Co., Ltd. v. Superior Court of California,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

▄ In other words, "[t]he sale of goods in another state, knowing that they will be resold in Georgia, is a purposeful activity sufficient to establish a 'contact' with Geor-

gia." *Continental Research,* 204 Ga.App. at 124, 419 S.E.2d 48; *see also Showa Denko v. Pangle,* 202 Ga.App. 245, 247, 414 S.E.2d 658 (1991).

## C. Liability & Damages

▄ "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1204 (5th Cir. 1975) (footnotes omitted). Rather, it is only an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability. *See* 10A Wright, Miller & Kane, Fed. Prac. & Proc. Civ.3d § 2688 at 63 (1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").

Here, the Complaint simply alleges that plaintiff's son was struck in the eye by a Seneca product. Doc. # 7. But of course, injury alone does not establish liability, let alone damages. Pitts must at least plead — in *non*-conclusory fashion — that something was wrong with the Seneca tent (*i.e.,* defective design or manufacture, failure to warn, etc.) and that such defect proximately caused the injury to her son's eye. *See Traina Enters. v. RaceTrac Petroleum,* 241 Ga.App. 18, 18, 525 S.E.2d 712 (1999) ("The four elements to any tort action are a duty, a breach of that duty, causation and damages") (cites omitted).

▄ To that end, Pitts's evidentiary burden is light — she need only establish a prima facie liability case against defendant. *See, e.g., In re Thanh v. Truong,* 271 B.R. 738, 742 (Bankr.D.Conn.2002) (Motion for default judgment denied where plaintiff failed to establish *prima facie* case of justifiable reliance. "A motion for judgment

by default is not granted as a matter of right. Rather, the court in its discretion may conduct a hearing requiring some proof from the [p]laintiff of the facts that must be established in order to determine [defendant's] liability"); *TeleVideo Sys. Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir.1987). And Seneca is estopped from presenting evidence contravening liability. *See, e.g., Brown v. Kenron Aluminum & Glass Corp.,* 477 F.2d 526, 531 (8th Cir. 1973).

But Pitts's Complaint fails to *plead* (much less establish) a *prima facie* case against Seneca. In fact, it fails to even recite facts sufficient to establish a cause of action (for example, that the product was defective because Seneca used substandard materials, and the defect caused the pole to snap, creating a hazard that proximately caused the eye injury).

Instead, Pitts pleads only conclusions (*i.e.,* Seneca was negligent, breached its implied warranties, etc., without explaining *how* it was negligent). Doc. # 7. Thus, there is not even a starting point upon which the Court can consider liability and damages evidence.[5] Any hearing, therefore, would at best constitute a "second chance" for plaintiff to plead a cause of action—something she should have done in her Complaint. Her default-judgment motion therefore is properly denied.

■ Note, however, that Pitts's Complaint does satisfy F.R.Civ.P.8(a)'s well-pled Complaint requirement. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (Rule 8 requires a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests) (quotes and cite omitted).

■ But, for a default judgment, Rule 55 requires more. " 'The well-pleaded allegations of the Complaint are to be accepted as true. However the Complaint must state a cause of action. In other words, judgment may be granted only for such relief as may lawfully be granted upon the well-pleaded facts alleged in the complaint.' " *Patray,* 931 F.Supp. at 868 (quotes, cites and alterations omitted).

Nothing here prevents plaintiff from filing anew and properly pleading her case for both F.R.Civ.P. 8 and 55 purposes.[6] It follows, then, that granting an entry of default would constitute a legally meaningless exercise (since no grounds have been pled to support entry of *default judgment* ), so that, too, must be denied.

### IV. CONCLUSION

Accordingly, the Court **DENIES** plaintiff Laurie Pitts's motion for entry of default (doc. # 27–1), as well as her default judgment motion (doc. # 27–2). Within 15 days of the date this Order is served, plaintiff shall show why the Court should not dismiss this case without prejudice. *See supra* note 6.

---

5. For example, compare *Thanh,* where pre-existing bankruptcy record evidence and an affidavit (hence, *evidence*) supported most of the default elements, as pled in the movant's Complaint and default-motion affidavit, 271 B.R. at 742, thus justifying a hearing to adduce *evidence* on the rest. *Id.* at 747–48.

6. Though the issue is not ripe here, plaintiff should note that there may well arise due process considerations if she simply amends her Complaint (to satisfy Rules 8 *and* 55) and serves it under F.R.Civ.P. 5, as opposed to complying with Rule 4's more demanding (yet more due-process-compliant) requirements.