Serges Jacques DESCENT, Plaintiff,

v.

Vasilios KOLITSIDAS,
et al., Defendants.

No. 8:02 CV 1508 T 23TGW.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 27, 2005.

---

Serges Jacques Descent, Coleman, FL, pro se.

Michael Douglas Joblove, Peter William Bellas, Genovese, Joblove & Battista, P.A., Miami, FL, for Defendants.

Peter J. Grilli, Peter J. Grilli, P.A., Tampa, FL, pro se.

## *ORDER*

MERRYDAY, District Judge.

The plaintiff, a felon convicted of criminal conspiracy, asserts against his former co-conspirators claims under 42 U.S.C. § 1985 and under the Racketeer Influenced and Corrupt Organizations Act (the "RICO Act"). The failure to defend against this action resulted in a default against each defendant (Docs.18, 72, 75, 76). Pursuant to Rule 55, Federal Rules of Civil Procedure, the plaintiff moves (Doc. 77) for default judgment. However, the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief. *Nishimatsu Construction Company, Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("[a] defendant's default does not in itself warrant the court entering a default judgment" because "[t]here must be a sufficient basis in the pleadings for the judgment entered.").

The plaintiff conspired with the defendants to commit fraud through an illegal racketeering enterprise. The illegal enterprise was discovered, and the plaintiff and one of the present defendants, Vasilios Kolitsidas, were indicted (the remainder of the present defendants were unindicted coconspirators). The indictment summarizes the plaintiff's role in the conspiracy as:

Serge Jacques Descent ... used one or more of the First Union checking accounts as well as accounts at Peninsula Bank, and the aforementioned business names, to launder funds obtained from victims of the fraud described [ ], and as insulating devices in relation to the fraudulent activities described.

The racketeering enterprise targeted elderly American citizens, who were told that they won the Canadian lottery. The victims were induced to send money, fraudulently characterized by the conspirators as "taxes, insurance, or other fees," in exchange for the promised "lottery winnings." The victims sent the "taxes, insurance, or other fees" but received no "lottery winnings." The plaintiff collected and laundered over $1,600,000.00 from the fraud victims. The plaintiff was convicted on more than fifty counts, including mail and wire fraud and money laundering. According to the complaint, Kolitsidas fled to Canada and avoided conviction. Pursuant to 18 U.S.C. § 982, the plaintiff forfeited to the United States all right, title, and interest in property equal to the amount of the money judgment of $1,688,845.41, which amount represents the proceeds of the money laundering violations. The plaintiff forfeited personal and corporate property and cash held in various bank accounts, foreign and domestic.

Despite his criminal conviction, the plaintiff files this RICO Act complaint in an apparent attempt to re-litigate the question of his guilt, shift blame for the racketeering enterprise to his former co-horts in crime (now the defendants in this action) and, as a bonus, recover threefold the losses incurred in forfeitures resulting from his criminal conviction.

The amended complaint accuses the defendants of "inducing [the] plaintiff to unknowingly launder the stolen and illegally obtained funds" and asserts that "[a]s a proximate result of the [ ] racketeering acts of the defendants, [the] plaintiff was damaged in his person and property." However, the allegation that the plaintiff "unknowingly" laundered stolen money conflicts irreconcilably with the plaintiff's criminal conviction, which requires knowing and willful participation in the conspiracy. *U.S. v. Silvestri,* 409 F.3d 1311, 1328 (11th Cir.2005) ("To support a conviction of conspiracy, the government must prove [1] that an agreement existed between two or more persons to commit a crime and [2] that the defendants knowingly and voluntarily joined or participated in the conspiracy." [quoting *United States v. Vera,* 701 F.2d 1349, 1357 (11th Cir.1983) ] ); *Emich Motors Corp. v. GM Corp.,* 340 U.S. 558, 568, 71 S.Ct. 408, 95 L.Ed. 534 (1951) ("In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment."); *see also Brazzell v. Adams,* 493 F.2d 489, 490 (5th Cir.1974); *SEC v. Andrews & Bradley, Inc.,* 385 F.Supp. 948, 954 n. 27 (S.D.N.Y.1974) ("Where a civil suit follows a criminal conviction involving the same facts, the doctrine of collateral estoppel is applicable.").

The plaintiff alleges damages to his business and property in excess of $3,000,000.00 resulting from the defendants' activity in furtherance of the conspiracy and seeks both the return of stock and real and personal property and compensation for lost income, profits, revenue, and future income. This action presents

the question whether a felon convicted of criminal conspiracy enjoys standing to assert claims under the civil provision of the RICO Act against his co-conspirators to recover economic losses incurred because of forfeitures arising from the plaintiff's criminal conviction for knowingly and willfully entering their mutual conspiracy.

■ A RICO Act claim whether civil or criminal must demonstrate, pursuant to 18 U.S.C. § 1964(c), "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Jones v. Childers*, 18 F.3d 899, 910 (11th Cir.1994) (internal quotations omitted); 18 U.S.C. § 1962(c). In addition, a civil plaintiff asserting a section 1964(c) claim and seeking treble damages must demonstrate standing by showing "(1) the requisite injury to 'business or property' and (2) that such injury was 'by reason of' the substantive RICO violation." *Williams v. Mohawk Industries, Inc.*, 411 F.3d 1252, 1256 (11th Cir. 2005) (quoting 18 U.S.C. § 1964(c)).

Accordingly, the complaint must initially show conduct of an enterprise through a pattern of racketeering activity. The plaintiff's conviction irrefutably establishes conduct of an enterprise through a pattern of racketeering activity. *Emich Motors Corp. v. GM Corp.*, 340 U.S. 558, 568, 71 S.Ct. 408, 95 L.Ed. 534 (1951) ("In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment."). The plaintiff must then demonstrate an injury proximately caused by the defendants' racketeering activity to a business or property interest capable of being injured under RICO. *Williams v. Mohawk Industries, Inc.*, 411 F.3d 1252, 1256 (11th Cir.2005); *Sedima, SPRL v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) (A plaintiff in a civil RICO action "only has standing if ... he has been injured in his business or proper-

ty by the conduct constituting the violation.").

■ The plaintiff fails to establish standing to pursue a civil claim pursuant to the RICO Act because the complaint establishes neither an injury to a property interest intended to be protected by RICO nor proximate cause attributable to the defendants. The plaintiff seeks to recover cash and property in which all right, title, and interest was forfeited to the United States pursuant to criminal law. Forfeiture—a criminal penalty arising out of the plaintiff's knowing and voluntary criminal behavior—affirmatively vests in the United States clear title to the property, and the plaintiff retains no property or business interest in forfeited assets. Further, to the extent he seeks the return of cash illegally obtained from the victims of the racketeering enterprise, the plaintiff states no property interest because a thief fails to acquire a property interest in illegally obtained money. *See e.g. Collins v. Royal Globe Ins. Co.*, 368 So.2d 941, 942 (Fla. 4th DCA 1979) ("thief acquires no lawful possession and if he was a thief from the start then his possession was unlawful from the start.").

Even if he could establish a business or property interest, the plaintiff fails to demonstrate a compensable injury proximately resulting from the defendants' racketeering activity. The plaintiff's knowing and voluntary criminal acts in furtherance of the conspiracy resulted in the plaintiff's conviction and the subsequent forfeiture of cash and property. Accordingly, the defendants' racketeering activity failed to proximately cause any injury to the plaintiff, whose losses result directly from his own criminal activity, followed by the enforcement of forfeiture statutes pursuant to applicable criminal law. The plaintiff fails to demonstrate that the defendants' racketeering activity caused any injury to

the plaintiff, all of whose injuries were caused by his own knowing and willful participation in a criminal conspiracy.

■ Further, a favorable ruling on the plaintiff's motion for judgment by default yields an absurdity: a criminal conspirator's recovery from his co-conspirators of the loot stolen from fraud victims by the conspirators and eventually subject to forfeiture pursuant to the enforcement of the criminal laws. The civil provision of the RICO Act was not intended to restore to a convicted felon either the spoils of his crime or the assets forfeited after his conviction. Allowing "one racketeer to sue another under RICO does not further the statute's objective of eradicating organized crime" and "to construe the statute so to leave enforcement of civil RICO to such plaintiffs is an absurd result which must be avoided." *Lopez v. Dean Witter Reynolds, Inc.,* 591 F.Supp. 581, 588 n. 4 (N.D.Cal. 1984); *see also Ross v. Bolton,* No. 83 Civ. 8244(WK), 1991 WL 285619 *3 (S.D.N.Y. Dec. 30, 1991) (dismissing RICO Act claims brought by conspirator against co-conspirator because "[i]t was not the Congress' purpose in enacting RICO to provide civil remedies for one conspirator against another")

The plaintiff lacks standing to sue under the civil provision of RICO because the plaintiff retains no compensable interest in forfeited property. Further, any injury incurred by the plaintiff resulted not from the defendants' RICO violations but from the plaintiff's willing and voluntary criminal activity and the subsequent application of forfeiture statutes pursuant to criminal law. Accordingly, the RICO Act claims are **DISMISSED**.

■■ The plaintiff further asserts that in violation of 42 U.S.C. § 1985(2) and (3) the defendants concertedly interfered with the criminal trial, resulting in the plaintiff's conviction. The plaintiff's claim pursuant to section 1985(2) asserts that the defendants conspired to interfere with the plaintiff's criminal trial by intimidating the plaintiff and witnesses favorable to the plaintiff's defense.[1] No civil action alleging a deprivation of constitutional rights in the procurement of a criminal conviction may be maintained by a prisoner if a successful conclusion to the civil action implies the invalidity of the conviction. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment … a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254"). Although discussing section 1983 claims only, *Heck* applies equally to section 1985 if the claim attacks the validity of the conviction. *See e.g. Lanier v. Bryant,* 332 F.3d 999, 1005–06 (6th Cir. 2003) (*Heck* applies equally to claims brought under §§ 1983, 1985 and 1986); *Lawson v. Engleman,* 67 Fed.Appx. 524, 526 n. 1 (10th Cir.2003) (applying *Heck* to § 1985 action); *Amaker v. Weiner,* 179 F.3d 48, 52 (2d Cir.1999) (applying *Heck* to § 1985 action). The plaintiff's section

---

1. The claim pursuant to 42 U.S.C. § 1985(3) fails to assert intentional discrimination based on race and is **DISMISSED**. *Kush v. Rutledge,* 460 U.S. 719, 725–26, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 101–02, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) ["The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."] ).

1985(2) claim necessarily implies the invalidity of the plaintiff's conviction. *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir.1999) (applying *Heck* to the section 1985 claims because "deciding in [the plaintiff's] favor on any of [the claims] plainly would call into question the validity of his conviction"). Consequently, until the plaintiff can demonstrate that his sentence or conviction has been invalidated, the claim pursuant to section 1985(2) is barred. Accordingly, the plaintiff's section 1985(2) claim is **DISMISSED**.[2]

The complaint fails to state a claim. Accordingly, the plaintiff's motion (Doc. 77) for default judgment is **DENIED** and this action is **DISMISSED**. The Clerk is directed to enter judgment in favor of the defendants and against the plaintiff. The Clerk is further directed to (1) terminate any pending motion and (2) close the case.

---

**2.** The 42 U.S.C. § 1985(2) claim is dismissed without prejudice. *Chamness v. Pasco County Detention Facility*, No. 8:05CV1064T23EAJ, 2005 WL 1669110 *2 (M.D.Fla. July 13, 2005); *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir.1999) ("Disposition of the case on *Heck* grounds, however, warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." [internal quotations and emphasis omitted] ).