IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 EASTERN DIVISION 
PRUCO LIFE INSURANCE COMPANY, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) CASE NO.: 3:19-cv-824-ECM 
 ) (WO) 
ALYSSA WEBB, A.W., a minor, and ) 
ASHLEY WEBB TOUCHSTON, ) 
 ) 
 Defendants. ) 
 ORDER 
 This matter is before the Court on Plaintiff Pruco Life Insurance Company’s 
(“Pruco”) Motion for Default Judgment as to Defendants Alyssa Webb and Ashley Webb 
Touchston and for Interpleader Relief (doc. 25), filed on March 20, 2020. On October 24, 
2019, Pruco filed a Complaint for Interpleader and Declaratory Relief against Alyssa Webb 
(“Webb”), Ashley Webb Touchston (“Touchston”), and A.W., a minor. (Doc. 1). After 
Webb was charged with the murder of Pruco’s insured, Pruco initiated this action to 
disclaim any interest in the Death Benefit to be paid under the subject life insurance policy 
and to ask the Court to determine the potential claims of the defendants. 
 Webb and Touchston both failed to answer the Complaint. The Clerk of Court 
entered a default against Touchston on February 24, 2020, (doc. 21), and against Webb on 
March 13, 2020, (doc. 24). Both Webb and Touchston have likewise failed to respond to 
Pruco’s Motion within the time prescribed in the Federal Rules of Civil Procedure. Fed. R. 
Civ. P. 27(a)(3)(A). For the reasons discussed below, Pruco’s Motion is due to be 
GRANTED in part and DENIED in part. 
I. JURISDICTION AND VENUE 
 The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C § 1335 and 
28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391 (a). 

II. LEGAL STANDARD 
 A. Interpleader 
 “Interpleader is the means by which an innocent stakeholder, who typically claims 

no interest in an asset and does not know the asset’s rightful owner, avoids multiple liability 
by asking the court to determine the asset’s rightful owner.” In re Mandalay Shores Co-
op, Housing Ass’n, Inc., 21 F.3d 380, 383 (11th Cir. 1994). See also, Prudential Life Ins. 
Co. of Am. v. Hearndon, 2019 WL 5592470, *1 (M.D. Fla. 2019); Life Ins. Co. of N. Am. 
v. Williams, 2015 WL 10961833, *2 (N.D. Ga. 2015). A successful interpleader action 

results in the entry of discharge judgment on behalf of the stakeholder; and “once the 
stakeholder turns the asset over to the registry of the court, all legal obligations to the 
asset’s claimants are satisfied.” Mandalay Shores Co-op, 21 F.3d at 383. 
 An interpleader action proceeds in two stages. First, the Court must determine 
“whether interpleader is proper and whether to discharge the stakeholder from further 

liability to the claimants. At the second stage, the court evaluates the respective rights of 
the claimants to the interpleaded funds.” Unum Life Ins. Co. of Am. v. Smith, 2018 WL 
1977257, * 2 (M.D. Ala. 2018). 
 B. Default Judgment 
 In the Eleventh Circuit there is a “strong policy of determining cases on their merits 
and we therefore view defaults with disfavor.” In re Worldwide Web Systems, Inc., 328 
F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, it is well-settled that a “district court has
the authority to enter default judgment for failure . . . to comply with its orders or rules of 
procedure.” Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). 
 Rule 55 of the Federal Rules of Civil Procedure provides for entry of default and 

default judgment where a defendant “has failed to plead or otherwise defend as provided 
by these rules.” Fed. R. Civ. P. 55(a). Although modern courts do not favor default 
judgments, they are appropriate when the adversary process has been halted because of an 
unresponsive party. Flynn v. Angelucci Bros. & Sons, Inc., 448 F. Supp. 2d 193, 195 
(D.D.C. 2006) (citation omitted). Where, as here, a defendant has failed to respond to or 

otherwise acknowledge the pendency of a lawsuit against him months after being served, 
entry of default judgment may be appropriate. 
 The law is clear, however, that a defendant's failure to appear and the Clerk's 
subsequent entry of default against him do not automatically entitle the plaintiff to a default 
judgment. A default is not “an absolute confession by the defendant of his liability and of 
the plaintiff's right to recover,” but is instead “an admission of the facts cited in the 

Complaint, which by themselves may or may not be sufficient to establish a defendant's 
liability.” Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 
2004); see also Descent v. Kolitsidas, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) (“The 
defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if 
the complaint states a claim for relief”); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 

1370 n.41 (11th Cir. 1997) (“A default judgment cannot stand on a complaint that fails to 
state a claim.”). 
 “The allegations must be well-pleaded in order to provide a sufficient basis for the 
judgment entered.” De Lotta v. Dezenzo's Italian Rest., Inc., 2009 WL 4349806 at *2 (M.D. 
Fla. 2009) (citing Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 
1307 (11th Cir. 2009)). In deciding whether the allegations in the complaint are well 

pleaded, the “plaintiff's obligation to provide the grounds of his entitlement to relief 
requires more than labels and conclusions, and a formulaic recitation of the elements of a 
cause of action will not do.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) 
(quotations omitted). Instead, the “factual allegations must be enough to raise a right to 
relief above the speculative level.” Id. 

 Moreover, “[a] named interpleader defendant who fails to answer the interpleader 
complaint and assert a claim to the res forfeits any claim of entitlement that might have 
been asserted.” Sun Life Assur. Co. of Canada v. Conroy, 431 F. Supp. 2d 220, 226 (D.R.I. 
2006). 
III. FACTS AND PROCEDURAL HISTORY 
 In its Complaint, Pruco asserts that it issued an individual life insurance policy on
the life of Kevin Webb (“the Insured”), in the amount of $100,000.00. The policy 

designated defendant Webb as the sole primary beneficiary and A.W., the minor child of 
Webb and the Insured, as the sole contingent beneficiary. Pruco further asserts that in 
December of 2017, the Insured died as a result of gunshot wounds and Webb was charged 
with the murder of the Insured. Pruco notes that if Webb is convicted of the murder of the 
Insured, she will be disqualified from receiving the Death Benefit funds pursuant to the 
“Alabama Slayer Statute,” in which case, A.W. would be entitled to the funds. If Webb is 
not convicted, however, she would receive the Death Benefit. 
 Pruco further states in its Complaint that it received correspondence in March of 
2018 from defendant Touchston, the adult daughter of the Insured, asserting a partial claim 

to the Death Benefit. In her letter, Touchston requested that the Insured’s funeral expenses 
be paid out of the Death Benefit and the remaining proceeds be split between Touchston 
and A.W. Touchston contended that A.W. should be partially disqualified as a beneficiary 
due to his status as Webb’s son and asked that she be named trustee over A.W.’s portion 
of the funds. Pruco avers that the conflicting claims of Webb, A.W., and Touchston make 

interpleader relief appropriate. 
 In the Complaint, Pruco claims no title to or interest in the policy proceeds and asks 
this Court to direct the defendants to interplead their rights to the Death Benefit and 
discharge Pruco from all liability to the defendants arising out of matters related to the 
payment of the Death Benefit. Upon order of this Court, (doc. 13), Pruco deposited the 
policy proceeds, totaling $103,255.05, into the Court’s registry on February 10, 2020, (doc. 

14). 
 Webb was served with process on November 4, 2019, (doc. 6), and filed a Motion 
for an Extension of Time to File Answer, (doc. 7), on November 25, 2019. Webb’s motion 
was granted and she was permitted until December 24, 2019, to respond to the Complaint. 

 
1 A named beneficiary of a life insurance policy who “feloniously and intentionally kills the principal oblige 
or the person upon which life the policy is issued is not entitled to any benefit under the . . . policy . . . and 
it becomes payable as though the killer had predeceased the decedent.” Ala. Code § 43-8-253 (1975). 
(Doc. 8). Webb did not file an answer and has not filed anything further with this Court. 
The Clerk of Court entered a default against Webb on March 13, 2020. (Doc. 24). 
 Touchston was served with process on November 12, 2019, (doc. 11), and her 
answer was due on December 3, 2019. Touchston did not file an answer. The Clerk of 

Court entered a default against Touchston on February 24, 2020. (Doc. 21). 
 A.W. was served with process on November 20, 2019. (Doc. 10). After this Court 
appointed a guardian ad litem to represent A.W.’s interests, (doc. 13), A.W. filed an answer 
and cross-claim against Webb and Touchston on March 4, 2020. (Doc. 23). 
 After the entries of default against Webb and Touchston, Pruco filed its Motion for 

Default Judgment and Interpleader Relief on March 25, 2020. (Doc. 25). In its motion, 
Pruco asserts that Webb and Touchston’s failure to respond to the Complaint makes default 
judgment appropriate against both defendants. Pruco further requests that this Court grant 
interpleader relief by directing the defendants to interplead their rights to the Death Benefit, 
restraining the defendants from initiating any proceedings against Pruco relating to the 
Death Benefit, discharging Pruco from further liability, and dismissing Pruco from the 

lawsuit. 
 This Court entered an order on March 30, 2020, (doc. 27), directing the parties to 
show cause by April 20, 2020 as to why Pruco’s motion should not be granted. A.W. filed 
his response to this order on April 20, 2020, (doc. 30), asserting no opposition to this Court 
granting Pruco’s motion. Neither Webb nor Touchston responded to the order.2 

2 Webb was served with a copy of the Order to Show Cause on April 2, 2020 (doc. 29). A copy of the order 
mailed to Touchston was returned marked “Return to Sender – Unclaimed – Unable to Forward.” 
IV. DISCUSSION 
 Pruco seeks default judgment against both Webb and Touchston and requests
interpleader relief. Because an interpleader action proceeds in two stages, the Court must 
first determine “whether interpleader is proper and whether to discharge the stakeholder 
from further liability to the claimants.” Unum Life Ins. Co. of Am. v. Smith, 2018 WL 
1977257 at * 2. 

 A. Interpleader Relief 
 The Court concludes that interpleader is proper in this matter because there are three 
potential claimants to the Death Benefit: defendants Webb, Touchston, and A.W. At this 
juncture, the Plaintiff has interpleaded the funds into the Court’s registry and has satisfied 
its obligations with respect to the Death Benefit. Moreover, A.W., as the sole responding 

defendant, does not oppose the Plaintiff’s discharge. (Doc. 30). Accordingly, the Court will 
GRANT Pruco’s motion to the extent that Pruco may be discharged from this action and 
the defendants will be restrained from initiating any action against Pruco for the payment 
of the subject Death Benefit. 
 Prior to turning to the second stage of interpleader, in which the Court decides which 

defendant is entitled to the Death Benefit, the Court must first resolve the Plaintiff’s request 
for default judgment against Webb and Touchston in order to determine which defendants 
might still have a claim to the proceeds. 
 B. Default as to Touchston 
 Touchston was served with process on November 12, 2019. She failed to answer or 
otherwise respond to the Complaint and likewise failed to respond to this Court’s order to 
show cause after the Plaintiff moved for default judgment. 

 Accepting the allegations in Pruco’s Complaint as true for purposes of this analysis, 
Touchston is not a beneficiary to the insurance policy. Instead, she asserts her claim to a 
portion of the Death Benefit by way of a letter in which she argues that A.W. should be 
partially disqualified as a beneficiary due to his status as Webb’s son. Touchston’s letter 
offers no legal basis in support of her claim to the funds. Due to her failure to respond to 

the Complaint within the time prescribed by the Federal Rules of Civil Procedure, 
Touhston has forfeited “any claim of entitlement that might have been asserted.” Sun Life 
Assur. Co. of Canada, 431 F. Supp. 2d at 226. As a result, the Court finds that Pruco’s 
motion for default judgment is due to be GRANTED as to defendant Touchston. 
 C. Default as to Webb 
 The Court does not, however, find that default judgment is appropriate as to 

defendant Webb. Although, by defaulting, Webb does admit the well-pleaded allegations 
in the Complaint, the Complaint does not allege that Webb did, in fact, “feloniously and 
intentionally” kill the Insured. Ala. Code § 48-8-253 (1975). Instead, the Complaint asserts 
that if she were to be convicted of the Insured’s murder, Webb would not be entitled to the 
Death Benefit in accordance with the Alabama Slayer Statute. Cf. Unum Life Ins. Co. of 

America v. Linville, 2006 WL 2051862 (D. Colo. 2006) (finding default judgment 
appropriate in an interpleader action where the complaint alleged a defendant was the 
“felonious killer” of an insured). 
 Although criminal charges were filed against Webb for the murder of the Insured, 
there has been no final conviction. Further, no civil action has been filed by either Pruco 

or the family of the Insured to determine if Webb, by a preponderance of the evidence, 
intentionally and feloniously killed the Insured. By defaulting, Webb may be exercising 
her Fifth Amendment privilege, which would preclude seeking proceeds in this case while 
simultaneously asserting a defense in the pending murder case. See New York Life Ins. & 
Annuity Corp. v. Gerth, No. 8:12-CV-1954-T-30MAP, 2014 WL 12617556, at *2 (M.D. 

Fla. Apr. 23, 2014) (“The Fifth Amendment cannot be used as ‘a sword and a shield.’”) 
(citing Zabrani v. Riveron, 495 So. 2d 1195, 1199 (Fla. 3d DCA 1986)). 
 The Court declines to find Webb in default while her criminal matter is still pending. 
Without a conviction or a civil finding that she intentionally and feloniously killed the 
Insured, Webb cannot be found to have forfeited her entitlement to the Death Benefit. As 
such, the Court will not proceed with the second stage of interpleader until such a time that 

Webb has been adjudicated either guilty or not guilty of the murder of the Insured. 
Accordingly, it is ORDERED as follows: 
 1. Pruco’s motion for interpleader relief (doc. 25), is GRANTED to the extent that
 defendants Alyssa Webb, A.W., and Ashley Webb Touchston are ENJOINED
 from instituting any action or proceeding in any state or United States court

 against Pruco Life Insurance Company for recovery of the Death Benefit
 resulting from the death of Kevin Webb; 
2. Pruco is DISCHARGED from this action without further liability; 
3. Pruco’s motion for default judgment as to defendant Ashley Webb Touchston
(doc. 25), is GRANTED; 
4. Pruco’s motion for default judgment as to defendant Alyssa Webb (doc. 25), is

DENIED; and 
5. The Clerk is DIRECTED to realign the parties such that A.W. is the Plaintiff and
Alyssa Webb is the Defendant. A separate judgment will be entered in
accordance with this opinion. 
DONE this 9th day of July, 2020. 

 /s/ Emily C. Marks 
 EMILY C. MARKS 
 CHIEF UNITED STATES DISTRICT JUDGE