**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 6 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DARRELL LAWSON,

  Plaintiff - Appellant,

v.

DANITA G. ENGLEMAN and STEVE
FIORETTI, in their individual and
official capacities,

  Defendants - Appellees.

No. 03-7012
(D.C. No. 02-CV-261-P)
(E. District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE,** and **LUCERO**, Circuit Judges.

---

  Darrell Lawson filed this pro se action under 42 U.S.C. §§ 1983 and 1985

against Danita G. Engleman, Haskell County Assistant District Attorney, and

Steve Fioretti, Haskell County Drug Task Force Agent, in their personal and

official capacities, seeking monetary damages, a declaratory judgment, and

injunctive relief for alleged constitutional violations arising out of his criminal

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

prosecution. Lawson alleges that the defendants conspired to violate his rights and maliciously prosecuted him. He further alleges that his wrongful incarceration resulted in the intentional infliction of emotional distress in violation of his Eighth Amendment rights. In dismissing the complaint pursuant to 28 U.S.C. § 1915(e), the district court concluded that the complaint is without merit in that it lacks an arguable basis in either law or fact. Lawson appeals. Upon de novo review, see Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999), we exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Lawson first claims that the defendants engaged in malicious prosecution, "which resulted in the bringing of . . . felony charges against [him], without probable cause, with malice, and that as a result [he] was coerced into pleading guilty to charges he was not guilty of and sentenced to imprisonment." (1 R. Doc. 2 at 3-A.) "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994).[1]

---

[1] Lawson notes that while Heck involved a § 1983 suit, he is also seeking relief under § 1985. However, the holding in Heck has been extended to apply to claims brought pursuant to § 1985. See Amaker v. Weiner, 179 F.3d 48, 51–52 (2d Cir. 1999) (citing cases); Stephenson v. Reno, 28 F.3d 26, 26–27 (5th Cir.

(continued...)

Although Lawson insists that he is <u>not</u> challenging his conviction or sentence, we agree with the district court that Lawson's claim for malicious prosecution is not cognizable under § 1983 because success on his § 1983 cause of action would necessarily imply the invalidity of his conviction, and because Lawson has presented no evidence to suggest that his conviction or sentence has already been invalidated.[2]  <u>Id.</u> at 484.

In addition to malicious prosecution, Lawson alleges that the defendants "subjected [him] to an intentional infliction of emotional distress and/or cruel and unusual punishment, in violation of the 8th Amendment to the U.S. Constitution and/or the common law of Oklahoma."  (1 R. Doc. 2 at 3-B.)  Observing that

---

[1](...continued)
1994) (per curiam).

[2]  In his reply brief, Lawson argues that <u>Heck</u> applies only to suits seeking monetary damages, and that he is also seeking declaratory and injunctive relief. He does not specify what such declaratory or injunctive relief would entail.  This court has noted that <u>Heck</u> should apply "when the concerns underlying <u>Heck</u> exist," which include "those claims that would necessarily imply the invalidity of [the] conviction."  <u>Beck v. Muskogee Police Dep't</u>, 195 F.3d 553, 557 (10th Cir. 1999); <u>see also</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997) (applying <u>Heck</u> to claims for declaratory relief).  Because of the nature of Lawson's allegations, i.e., false and malicious arrest and imprisonment, his request for declaratory and injunctive relief necessarily implies the invalidity of his conviction or sentence. <u>See</u> <u>Kutzner v. Montgomery County</u>, 303 F.3d 339, 341 (5th Cir. 2002) (quotation omitted) (noting that such claims "must be brought as habeas corpus petitions and not under § 1983"); <u>Heck</u>, 512 U.S. at 484–87.  Thus, we conclude that Lawson's claims for declaratory and injunctive relief are barred under <u>Heck</u>.

"[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury," 42 U.S.C. § 1997e(e), and noting that Lawson has made no such showing, the district court dismissed this claim. We conclude that this claim was properly dismissed. While claims for mental and emotional distress are cognizable under § 1983, under § 1997e(e) "such a suit [by a prisoner] cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms." Perkins, 165 F.3d at 807. (quotation omitted).[3]

The judgment of the district court is affirmed.[4] The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[3] Lawson emphasizes on appeal that in addition to his § 1983 claim, he also made a state-law tort claim for intentional infliction of emotional distress. As we have concluded, however, Lawson simply has no cause of action under § 1983. When a plaintiff's federal claims are dismissed before trial, the state claims should also be dismissed as well. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

[4] Because a certificate of appealability is not necessary for a prisoner civil rights appeal, we do not consider Lawson's motion for a certificate of appealability.