**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALVIN LYNN ALEXANDER,

      Plaintiff-Appellant,

v.

HONORABLE TOM A. LUCAS;
HONORABLE GARY L. LUMPKIN;
CLEVELAND COUNTY DISTRICT
COURT; and OKLAHOMA COURT
OF CRIMINAL APPEALS,

      Defendants-Appellees.

No. 07-6106
(D.C. No. CV-06-1386-HE)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Alvin Lynn Alexander, a state prisoner in Oklahoma, claims that the

Oklahoma state courts acted unconstitutionally in applying procedural bars under

state law to preclude Mr. Alexander's petition for post-conviction relief, and he

seeks declaratory and injunctive relief by way of 42 U.S.C. § 1983. The district

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court dismissed Mr. Alexander's action for lack of jurisdiction, holding that Mr. Alexander's suit is either an improper Section 1983 suit because it seeks to invalidate the underlying conviction, or it is barred by the *Rooker-Feldman* doctrine because it seeks direct review of a state court's final judgment. For substantially the same reasons expressed by the district court, we affirm the dismissal of Mr. Alexander's suit.

\* \* \*

In 1995, Mr. Alexander pled guilty to a charge of second degree murder in the District Court of Cleveland County, Oklahoma, and was sentenced to fifty years' imprisonment. Although Mr. Alexander did not appeal his conviction, he has, while incarcerated, submitted several petitions for post-conviction relief in Oklahoma state court, all of which have been denied. In the most recent state court petition, Mr. Alexander argued that: (1) the trial court lacked jurisdiction to convict him because the district attorney failed to plead and prove the felony DUI conviction underlying the felony-murder charge on which Mr. Alexander was convicted; (2) the district court failed to make a determination of Mr. Alexander's competency to enter a plea; and (3) the district court therefore lacked jurisdiction to accept Mr. Alexander's plea. The District Court of Cleveland County denied Mr. Alexander's petition for relief, citing Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22 § 1080 *et seq.*, as well as state court precedent interpreting that Act, which preclude petitions for post-conviction relief based on arguments

that could have been, but were not, raised on direct appeal. The Oklahoma Court of Criminal Appeals affirmed the district court's judgment on the same grounds.

Unsuccessful in seeking relief from the Oklahoma state courts, Mr. Alexander brought suit in federal court pursuant to 42 U.S.C. § 1983, naming as defendants the judges presiding over his trial court and appellate proceedings, as well as their respective courts. In his complaint, Mr. Alexander argues that the Oklahoma courts incorrectly applied state law to preclude consideration of his petition for post-conviction relief, thus depriving him of his constitutional right to due process. Along the way, Mr. Alexander's complaint also recounts and re-argues the claims for relief underlying his state petition.

The case was referred to a magistrate judge for initial consideration, pursuant to 28 U.S.C. § 636(b)(1)(B), (C). The magistrate judge construed Mr. Alexander's suit as essentially attacking the constitutionality, and thus validity, of his conviction. As such, the magistrate recommended that the district court dismiss the case, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), for improperly using Section 1983 as a vehicle to challenge the validity of a conviction. In a footnote, the magistrate also stated that, to the extent Mr. Alexander's suit can be construed as challenging an unfavorable state court decision (referring to the decision on Mr. Alexander's most recent post-conviction relief petition), such a suit is foreclosed under the *Rooker-Feldman* doctrine. *See* Jan. 19, 2007, Report and Recommendation. The district court accepted the

magistrate judge's recommendation and dismissed the case, stating that it was barred either under *Heck* or the *Rooker-Feldman* doctrine, depending on how the suit is construed. *See* Apr. 9, 2007, Dist. Ct. Order. Mr. Alexander filed a timely notice of appeal.

* * *

Affording solicitous consideration to Mr. Alexander's *pro se* court filings, as we are bound to do, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we acknowledge the ambiguity of Mr. Alexander's complaint before the district court. At some points, the complaint seems to focus on the constitutionality and validity of the Oklahoma state courts' application of procedural bars to Mr. Alexander's post-conviction petitions for relief. *See generally* Dec. 15, 2006, Complaint. At other points, it seems to contest the constitutionality and validity of the conviction itself. *See id.* We need not conclusively determine the actual nature of Mr. Alexander's complaint for, construed either way, we are constrained to affirm the district court's dismissal.

If Mr. Alexander's suit is meant to directly attack the validity of his conviction, then we must dismiss the suit as an improper use of Section 1983. In *Heck*, the Supreme Court stated that, if judgment in favor of the prisoner plaintiff in a Section 1983 damages suit "would necessarily imply the invalidity of his conviction or sentence[, then] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

512 U.S. at 487; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending the rule in *Heck* to Section 1983 claims that, like Mr. Alexander's, seek declaratory relief). In his complaint, Mr. Alexander makes a number of arguments that would, if accepted by a court, clearly indicate the invalidity of his conviction. For example, Mr. Alexander argues that the state trial court never had jurisdiction to accept a plea and enter a judgment of conviction. Moreover, Mr. Alexander has never demonstrated that his conviction has already been invalidated. As such, Mr. Alexander's suit, construed in this way, has no proper basis as a Section 1983 claim.

Mr. Alexander, however, argues emphatically in his brief on appeal that his suit does not challenge the validity of his conviction but instead only challenges the Oklahoma courts' application of procedural bars to dismiss his post-conviction petitions for relief. Such an interpretation of his complaint is confirmed in part by the complaint's request for relief, which expressly seeks only a declaration that the state courts' review procedure is unconstitutional and an injunction ordering a re-hearing on his post-conviction petition and ordering the courts to comply with the Fourteenth Amendment. Nowhere does Mr. Alexander specifically ask for the court to declare his conviction unconstitutional or invalid, even if his complaint includes arguments that seek to demonstrate such invalidity. If we accept Mr. Alexander's contention on appeal, we must agree with him that his suit is not precluded under *Heck* or its progeny. But construed

in this way, Mr. Alexander's suit must be dismissed on the other grounds stated by the district court – namely, pursuant to the *Rooker-Feldman* doctrine.

Under this doctrine, federal district courts have no jurisdiction to consider suits "that amount to appeals of state-court judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006). As the Supreme Court has stated, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Corp.*, 544 U.S. 280, 284 (2005).[1] Mr. Alexander readily acknowledges that his suit seeks review and rejection of the Oklahoma state courts' judgments regarding his post-conviction petitions for relief. In essence, he asks that we vacate the state courts' dismissal of his petition and order a re-hearing. Neither we nor the district court have jurisdiction to do so. The only federal review that Mr. Alexander can seek is by writ of certiorari to the Supreme Court. *See Exxon Mobil*, 544 U.S. at 285-86; 28

---

[1] We note that the scope of the *Rooker-Feldman* doctrine has been clarified in recent years and that we no longer apply it unless the federal suit commenced after the state court appeals process had run its full course. *See Guttman v. Khalsa*, 446 F.3d 1027, 1031-32 (10th Cir. 2006). In Oklahoma, the Court of Criminal Appeals is the state's highest court for criminal matters. *See* Okla. Const. art. 7 § 4; Okla.Stat. tit. 20 § 40. Its judgment on Mr. Alexander's appeal was entered on November 21, 2006, and Mr. Alexander filed his complaint in federal court on December 15, 2006. As such, Mr. Alexander's suit clearly falls within the scope of *Rooker-Feldman*.

U.S.C. § 1257. We are therefore bound to affirm the district court's dismissal even if we construe Mr. Alexander's complaint exactly as he contends.

\* \* \*

Because Mr. Alexander's appeal fails to state a claim on which relief may be granted, we assess, for purposes of 28 U.S.C. § 1915(g), one strike in addition to the strike assessed by the district court. We note that the district court granted Mr. Alexander's request to proceed *in forma pauperis*, but we wish to remind Mr. Alexander of his obligation to continue making partial payments until the entire filing fee for this appeal is paid. *See id.* § 1915(a), (b). The appeal is dismissed.[2]

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

---

[2] In his brief on appeal, Mr. Alexander asks that a certificate of appealability be granted. Because a certificate of appealability is not necessary for a prisoner civil rights appeal, we need not consider that request. *See, e.g.*, *Lawson v. Engleman*, 67 Fed. Appx. 524, 527 n.4 (10th Cir. 2003).