**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD CRAIG GRADLE,

      Plaintiff-Appellant,

v.

STATE OF OKLAHOMA,

      Defendant-Appellee.

No. 06-6044
(D.C. No. 05-CV-973-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL** and **TYMKOVICH**, Circuit Judges.

Defendant-Appellant Ronald Craig Gradle, a state prisoner appearing *pro se*, filed a mixed action in federal district court requesting habeas corpus relief, pursuant to 28 U.S.C. § 2254, and civil rights damages and equitable relief, pursuant to 42 U.S.C. § 1983. The district court denied Gradle's § 2254 petition

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and dismissed his § 1983 civil rights action. The district court also subsequently denied Gradle's request for a certificate of appealability (COA) to challenge the denial of his habeas corpus petition. Exercising jurisdiction pursuant to 28 U.S.C. § 2253(c)(1) and 42 U.S.C. § 1983, we 1) deny Mr. Gradle's request for COA and dismiss his habeas appeal; and 2) affirm the district court's dismissal of Mr. Gradle's civil rights action.

## BACKGROUND

Mr. Gradle was convicted in Oklahoma state court of murder and sentenced to prison. His direct appeal and a first post-conviction appeal were dismissed for failure to comply with applicable procedural rules. A successive attempt at post-conviction relief was denied for failure to raise the issues in his previous appeal.

Mr. Gradle then filed in federal district court an original § 1983 complaint, alleging false imprisonment and seeking monetary and equitable relief. In addition, Mr. Gradle alleged that he had been "subject to criminal proceedings" in the State of Oklahoma that contravened his substantive due process rights and that his state court prosecution "was void *ab initio* for reasons including: (1) [he] was denied the constitutionally reserved right not to be subjected to a prosecution and trial for an infamous crime without benefit of counsel, and (2) [e]xculpatory evidence was destroyed prohibiting [him] from receiving a fair trial." Because Mr. Gradle's initial pleading could have been construed, in part, as a petition for habeas corpus relief, the district court asked Mr. Gradle whether he wanted to

- 2 -

convert his action to a mixed case that included both a § 1983 civil rights claim and a § 2254 claim challenging his conviction. In response, Mr. Gradle filed an amended complaint under § 1983 and § 2254.[1] Mr. Gradle named as Defendants the State of Oklahoma; and Tim Kuykendall, the district attorney in the district where Mr. Gradle was convicted, and Judge Tom Lucas, the state court judge who presided over Mr. Gradle's trial, in their official and individual capacities.

## DISCUSSION

Over Mr. Gradle's objections, the district court adopted the report and recommendations of the magistrate judge, concluding that 1) Mr. Gradle did not exhaust his remedies in state court, barring his habeas claim; and 2) Mr. Gradle's § 1983 civil rights claims were barred by the Eleventh Amendment and the doctrine of absolute immunity, and failed to state a claim upon which relief could be granted. It therefore denied Mr. Gradle habeas relief and dismissed his civil rights action. The district court considered its dismissal of Mr. Gradle's § 1983 case a strike pursuant to 28 U.S.C. § 1915(g), as amended by the Prison Litigation Reform Act (PLRA). It subsequently denied Mr. Gradle's request for a COA to appeal the denial of his habeas corpus petition and his request to proceed *IFP* on appeal.

---

[1] Prior to converting Mr. Gradle's amended complaint into a mixed habeas and civil rights complaint, the district court granted Mr. Gradle's initial motion to proceed *in forma pauperis* (*IFP*) on his § 1983 claim and ordered him to make installment payments.

**I.**

After concluding that Mr. Gradle failed to raise his habeas claims in a direct appeal of his conviction, the district court ordered Mr. Gradle to show cause for his state court procedural default of the habeas claims asserted in his mixed complaint. In response, Mr. Gradle did <u>not</u> contest the district court's conclusion that he had procedurally defaulted the habeas claims but rather asserted only that "[a] fundamental miscarriage of justice shall occur if [he] is held to the stricter letter of application of the procedural default doctrine since [his] situation makes it impossible to adhere to strict compliance with any doctrine."[2]

The fundamental miscarriage of justice exception to state court procedural bar applies only where the habeas petitioner can show that the alleged errors probably resulted in "the conviction of someone who is factually innocent." <u>United States v. Salazar</u>, 323 F.3d 852, 855 (10th Cir. 2003); <u>see also</u> <u>Herrera v. Collins</u>, 506 U.S. 390, 404 (1993) ("The fundamental miscarriage of justice exception is available only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence.") Cases involving a

---

[2] On appeal, Mr. Gradle argues that "[d]e *novo* review of the lower court's dismissal shall reveal that Ronald Craig Gradle . . . exhausted remedies prior to filing a complaint in the federal court." In addition to the fact that Mr. Gradle waived this issue by failing to raise it before the district court, <u>see</u> <u>Walker v. Mather</u>, 959 F.2d 894, 896 (10th Cir. 1992), he provides no facts or additional arguments on appeal to support this contention.

fundamental miscarriage of justice are therefore "extraordinary instances." McClesky v. Zant, 499 U.S. 467, 494 (1991).

Before the district court, and again on appeal, Mr. Gradle failed to support his conclusion that failure to review the merits of his defaulted habeas claims would result in a fundamental miscarriage of justice. Although he claims that exculpatory evidence was withheld and destroyed, he neither identifies the evidence nor provides factual support for the conclusion that the evidence was in fact exculpatory. He therefore has not demonstrated any evidence tending to show actual innocence. See Salazar, 323 F.3d at 855. Accordingly, no "reasonable jurists could debate whether (or, for that matter, agree that) [Mr. Gradle's] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). We therefore deny Mr. Suarez's request for a COA and dismiss his habeas appeal.

## II.

Liberally construing Mr. Gradle's amended complaint, he also alleges a § 1983 claim against Defendants State of Oklahoma, Judge Lucas in his official and individual capacity, and District Attorney Kuykendall in his official and individual capacity, seeking monetary and equitable relief for false imprisonment. Section 1915 of the PLRA applies to such a "civil action" by a prisoner. See 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915A, the district court must "screen[]"

as soon as possible "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss "the complaint, or any portion of the complaint," if it "is frivolous, malicious, fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such a claim." 28 U.S.C. § 1915A(b)(1)&(2). Additionally, the court must dismiss a cause of action filed *IFP* against *any* defendant at any time the court determines one of those grounds is present. See 28 U.S.C. § 1915(e)(2)(B).

## A. Official Immunity

In this case, Defendants Lucas and Kuykendall, in their individual capacities, are immune from Mr. Gradle's § 1983 claim seeking monetary damages for false imprisonment. "[A] judge is [generally] immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam). Judicial immunity ensures "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Id. at 10 (internal quotation marks omitted). "Only accusations that a judge was not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can overcome absolute immunity;" bad faith or malice are not sufficient. Guttman v. Khalsa, 446 F.3d 1027, 1033-34 (10th Cir. 2006) (quotations omitted). Here, as the magistrate judge concluded, Mr. Gradle's allegations against Judge Lucas do not fall within

- 6 -

this latter exception. Instead, Mr. Gradle's claim against Judge Lucas is based entirely on actions he took in his judicial capacity and within his jurisdiction as a state court judge. Accordingly, Judge Lucas in his individual capacity is entitled to judicial immunity from Mr. Gradle's § 1983 claims for money damages.

Defendant Kuykendall in his individual capacity is similarly absolutely immune from Mr. Gradle's § 1983 claim for money damages. Prosecutors enjoy absolute immunity to liability under § 1983 for actions "within the scope of their prosecutorial duties." Arnold v. McClain, 926 F.2d 963, 966 (10th Cir. 1991). The district court concluded that Mr. Gradle did not allege that Defendant Kuykendall participated in the alleged destruction of any evidence and thus alleged only that Defendant Kuykendall prosecuted him. Even assuming Mr. Gradle sufficiently alleged that Defendant Kuykendall destroyed or withheld exculpatory evidence, the Supreme Court has stated clearly that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Robinson v. Volkswagenwerk AG, 940 F.2d 1369, 1373 n.4 (10th Cir. 1991) ("[I]t is now a well-settled rule that a prosecutor cannot be held personally liable for the knowing suppression of exculpatory information.") (quotations, citations, alterations omitted). We therefore conclude that the district court did not err in finding that Defendant Kuykendall in his individual capacity was entitled to prosecutorial immunity.

Accordingly, we affirm the district court's dismissal of Mr. Gradle's § 1983 claim for money damages against Defendants Lucas and Kuykendall in their individual capacities under the doctrine of absolute immunity.

## B.    Eleventh Amendment Immunity

Absent a specific waiver of immunity or express abrogation of the state's immunity by Congress, "[n]onconsenting States may not be sued by private individuals in federal court" regardless of the form of relief requested. Opala v. Watt, — F.3d — , 2006 WL 2037162, at *3 (10th Cir. 2006) (quotations, alterations omitted). Suits seeking "retroactive relief" against state officials in their official capacity "are deemed to be suits against the state." ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1188 (10th Cir. 1998). Here, the State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit in federal court. See Okla. Stat. tit. 51, § 152.1(B) (expressing the state's intent not to waive Eleventh Amendment immunity in the Oklahoma Governmental Tort Claims Act). And the Supreme Court has held that § 1983 does not abrogate state sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989).[3] We therefore affirm the district court's dismissal of Mr. Gradle's § 1983 claims for monetary and equitable relief against the State of Oklahoma, as well as

---

[3]    Additionally, the Supreme Court has concluded that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

his claims for money damages against Defendants Judge Lucas and Kuykendall in their official capacities.

### C.    Failure to State a Claim

When a state prisoner seeks damages or declaratory or injunctive relief in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994) (damages); Edwards v Balisok, 520 U.S. 641, 648 (1997) (declaratory relief); Lawson v. Engleman, 67 F. App'x 524, 526 n.2 (10th Cir. 2003) (unpublished) (injunctive relief); see also Beck v. Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999) (noting that Heck should generally apply "when the concerns underlying Heck exist," which include "those claims that would necessarily imply the invalidity of [the] conviction"). We agree with the district court's conclusion that Mr. Gradle's false imprisonment claim relates to the validity of his state court conviction and that Mr. Gradle has not demonstrated the necessary prerequisite to allow that action to proceed. We therefore also affirm the district court's dismissal of Mr. Gradle's § 1983 claim for failure to state a claim upon which relief may be granted.

# CONCLUSION

For the foregoing reasons, we DENY Mr. Gradle's request for a COA and DISMISS his appeal of the district court's denial of his § 2254 petition; and we AFFIRM the district court's dismissal of Mr. Gradle's § 1983 action against all Defendants.

Mr. Gradle seeks leave to proceed on appeal *IFP*. Because neither Mr. Gradle's habeas corpus appeal nor his civil rights appeal has any arguable basis for relief in either law or fact,[4] his request to proceed *IFP* is DENIED, and we order Mr. Gradle to immediately pay the full filing fee. See Kinnell v. Graves, 265 F.3d 1125, 1129 (10th Cir. 2001) (indicating that dismissal of an appeal does not relieve an appellant of the obligation to pay the appellate filing fee in full).

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[4] Although "[w]e have previously concluded that 28 U.S.C. § 2254 habeas corpus . . . , and appeals of those proceedings, are not 'civil actions' for purposes of 28 U.S.C. § 1915(a)(2) and (b)," we have also held that a habeas corpus petitioner "remains obligated to comply with, and is subject to, all of the other provisions of 28 U.S.C. § 1915." McIntosh v. United States Parole Comm'n., 115 F.3d 809, 811 (10th Cir. 1997). As a result, section 1915(e)(2), applies equally to this case regardless of whether it is considered a habeas corpus or civil rights appeal. That section requires an appellant seeking leave to proceed *IFP* to show both an inability to pay the filing fee and the existence of a nonfrivolous issue on appeal that states a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2).