**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 6, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LOUIS C. SHEPTIN,

        Plaintiff-Appellant,

v.

CORRECTIONAL HEALTHCARE
MANAGEMENT CONTRACTOR
COMPANY; JEFFERSON COUNTY
JAIL; TELLER COUNTY JAIL;
SHERIFF, Teller County Jail; Nurse
Jane Doe, Jefferson County Jail;
Nurse Jane Doe, Teller County Jail;
HEWITT, Nurse Practitioner, Teller
County Jail; SANCHEZ, Cpl., Teller
County Jail; NURSE RICCI,
(Dpt. Morland),

        Defendants-Appellees.

No. 08-1082
(D.C. No. 1:08-cv-00151-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Louis C. Sheptin appeals pro se from the district court's dismissal without prejudice of his action based upon his failure to comply with a court order. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Mr. Sheptin filed in the United States District Court for the District of Colorado a pro se complaint for damages related to his medical treatment while incarcerated in two county jails in Colorado. Along with his complaint, he filed a "Motion IFP" seeking permission to pursue his claims in forma pauperis (ifp) in the district court. A magistrate judge entered an order on January 24, 2008, directing the clerk's office to commence a civil action, but ordering plaintiff to cure the deficiencies in his initial filing. Those deficiencies included his failure to use the court's standard forms and his failure to file a certified copy of his prisoner trust fund account statement for the six-month period preceding his filing. The order gave Mr. Sheptin thirty days to comply or his action would be dismissed without prejudice.

Mr. Sheptin responded to the court's order by filing, on the proper forms, an amended complaint and a motion and affidavit for leave to proceed under 28 U.S.C. § 1915. In lieu of filing his six-month account statement, he stated under penalty of perjury that he was indigent, and he attached to his motion an order from a separate action in the United States District Court for the Western District of Oklahoma granting him leave to proceed ifp. He subsequently filed another motion and affidavit for leave to proceed under § 1915, again failing to

file a copy of his six-month account statement. He attached to this motion a copy of a docket entry by the United States District Court for the Northern District of Illinois granting his motion to proceed ifp in another separate case. Within the thirty-day period after the district court's January 24 order he also filed a supplement to his complaint, but he never filed his six-month account statement.

The district court denied Mr. Sheptin's motion for leave to proceed ifp pursuant to § 1915. The court noted that, in order to proceed ifp, that section requires a prisoner to submit "'a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately proceeding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.'" R., Doc. 11 at 3 (quoting 28 U.S.C. § 1915(a)(2)). Because he failed to file his account statement within thirty days of the court's January 24 order, the court dismissed his action without prejudice and entered judgment on March 4, 2008.

We have jurisdiction to review the district court's dismissal without prejudice of Mr. Sheptin's case. *See Moya v. Schollenbarger*, 465 F.3d 444, 448 (10th Cir. 2006) (holding that dismissal without prejudice of entire action is final, appealable order). We review for abuse of discretion a district court's dismissal of an action for failure to comply with a court order. *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of

permissible choice in the circumstances. This occurs when a district court relies upon an erroneous conclusion of law or upon clearly erroneous findings of fact." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (alteration, citation, and quotation omitted). When the dismissal is without prejudice, "a district court need not follow any particular procedures." *Id.* at 1143 n.10 (quotation omitted).

Mr. Sheptin sought to file his action without prepayment of the filing fee under § 1915. It is undisputed that he failed to satisfy one of the statutory criteria for doing so. On that basis alone, the district court was unable to grant his ifp application. *See Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996). Despite being warned that his action would be dismissed if he failed to cure all of the deficiencies in his filing, he did not submit a copy of his six-month certified account statement within thirty days of the court's order.

On appeal, he argues that the district court did not take into account his statement under oath in his first § 1915 motion and affidavit that he is indigent. But the statute is clear that, in addition to the prisoner's affidavit of indigency, he must also file the six-month certified account statement. *See* 28 U.S.C. § 1915(a)(2). He also asserts that, because he was "in transit" and suffering from a serious illness, he was "unable to keep up with his mail." Aplt. Opening Br. at 3, 2. It is clear, however, that Mr. Sheptin received the district court's January 24 order in a timely manner because he promptly responded by curing every defect in

-4-

his filing, with the exception of his failure to submit his account statement. Lastly, he contends that he informed the district court of his inability to obtain the certified account statement. But he made no such claim in the district court until he filed an application for leave to proceed ifp on appeal. In that application he stated only that an account statement was unavailable, with no explanation as to why.

We hold that the district court did not abuse its discretion by dismissing Mr. Sheptin's action without prejudice based upon his failure to comply with the court's order to submit his certified, six-month account statement.

After reviewing his contentions, we conclude that his arguments on appeal are frivolous. We therefore DISMISS Mr. Sheptin's appeal and DENY his motion to proceed ifp. *See* § 1915(e)(2)(B)(i) (providing that "the court shall dismiss the case at any time if [it] determines that [the appeal] is frivolous").[1] Mr. Sheptin is required to immediately remit the full amount of the filing fee. We remind him of his obligation to pay the filing fee even though his appeal is dismissed.

---

[1] Moreover, it appears that Mr. Sheptin continues to avoid the requirements for proceeding ifp by submitting in this court a motion form without a signature by an authorized officer certifying his account statement. *See* § 1915(a)(2) (requiring submission of certified account statement). Therefore, we could deny ifp on that ground, as well as on the basis of the frivolousness of his arguments.

*See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of appeal does not relieve appellant of obligation to pay appellate filing fee in full).

Entered for the Court


Stephen H. Anderson
Circuit Judge