**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LARRY LEROY JOHNSON, JR.,

      Plaintiff-Appellant,

v.

JANE STANDIFIRD, Warden; DENNIS
COTNER, Medical Service
Administrator of DOC; BARBARA
CARSWELL, Medical Administrative at
JBCC; PHILLIP LANGSTON;
DR. NORMAN MCALESTER;
DR. STEWART; DR. PHILLIP
WASHBURN, JBCC Physician;
DR. WIT CHAINAKUL, JLCC
Physician; DR. JOHN HILDENBRAND,
Physician OU Medical Orthopedic
Clinic; ANITA THOMAS, Nurse, RN;
CAROLYN COOPER, Nurse, RN,

      Defendants-Appellees.

No. 10-7025
(D.C. No. 6:08-CV-00372-FHS-SPS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**GORSUCH**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Larry Leroy Johnson, Jr., an Oklahoma prisoner appearing pro se, appeals from an order of the district court dismissing his suit under 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal as frivolous and assess one strike against Mr. Johnson.

The gravamen of Mr. Johnson's complaint is an Eighth Amendment violation arising from the defendants' alleged deliberate indifference to his serious medical needs.[1] Following its consideration of two *Martinez* reports,[2] the defendants' motion to dismiss, and Mr. Johnson's response, the district court dismissed the case under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Despite its conclusion that Mr. Johnson's suit was frivolous, the district court granted his motion to proceed in forma pauperis (IFP) on appeal.

Prior to his incarceration, Mr. Johnson was in an automobile accident that required the surgical fusion of his spine. During his incarceration, he was diagnosed in 2005 with osteoarthritis in his hip and knee. He was treated with pain medications, injections, braces, and restrictive orders were issued that limited his daily activities. When his condition deteriorated, prison medical

---

[1]    Mr. Johnson also alleged violations of his rights under the First, Fifth and Fourteenth Amendments. These claims are subsumed in his broader claim under the Eighth Amendment.

[2]    *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (en banc) (per curiam) (authorizing district courts to order prison officials to investigate civil-rights complaints and prepare a report for submission to the court).

personnel requested an examination by an outside orthopedic specialist. In March 2006, while waiting for the orthopedic consultation, Mr. Johnson began experiencing neurological problems. Between March and June 2006, a series of tests were conducted to diagnose the problem. During this time, Mr. Johnson was given pain medications, a cervical collar, provided with a walker, and placed on bed rest. On June 26, he was seen by an outside physician, who recommended spinal surgery. That surgery was performed on July 18.

In December 2006, following Mr. Johnson's recovery from his spinal surgery, prison doctors renewed their efforts for an outside orthopedic examination. In May 2007, he was examined by an orthopedic specialist, who diagnosed him with degenerative disease in his knee and hip. However, in light of Mr. Johnson's relatively young age, the physician recommended that surgery be postponed until the condition severely affected the quality of his life. Thus, he was placed on the waiting list as a low priority for surgery. In April 2008, and at the request of a prison physician, Mr. Johnson's surgical status was upgraded to medium priority. This request was followed by additional requests from the prison medical staff in July and November 2008, to schedule the surgery. At the time the suit was filed, Mr. Johnson had not undergone surgery; instead, he was being treated in accordance with the recommendations of the orthopedic specialist.

In its March 31, 2009 opinion and order, the district court outlined Mr. Johnson's medical treatment and concluded that "the acts complained of do not show deliberate indifference to [his] medical needs[.]" Aplt. App. at 613. We have reviewed the record, the parties' appellate filings, and the relevant legal authority, and affirm for substantially the same reasons set forth by the district court. There is no question that the defendants adequately addressed Mr. Johnson's medical needs; the record contains more than 200 pages of medical records documenting his treatment. His apparent disagreement is with the orthopedic specialist's opinion that he does not need immediate surgery. However, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). The only other conceivable argument is a delay in receiving treatment. But there is no evidence of delay or the substantial harm required to state such a claim. *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (holding that a delay in medical care can only constitute an Eighth Amendment claims if there has been a deliberate indifference that results in substantial harm).[3]

---

[3] Mr. Johnson argues in a conclusory fashion that the district court erred in denying his motion to appoint counsel. But his failure to cite any legal authority to support his argument means that we will not consider the issue on appeal. *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) (holding that issues not adequately addressed on appeal are deemed waived). Similarly, Mr. Johnson argues in conclusory terms that the magistrate judge erred in denying his motion

(continued...)

In his opening brief, Mr. Johnson outlines his medical treatment and argues that the district court misinterpreted the facts. To the contrary, the court carefully and completely reviewed the facts, assumed they were true, and concluded as a matter of law that they failed to state a cognizable claim for relief. Under § 1915(e)(2)(B)(i), an appeal that is frivolous should be dismissed. An appeal is frivolous where "the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc) (quotation omitted). Mr. Johnson's appeal meets this test. Moreover, we assess one strike against Mr. Johnson under § 1915(g) because we dismiss the appeal as frivolous. We remind him that if he accrues three strikes, he may no longer proceed IFP while a prisoner in any civil action or appeal filed in federal court unless he is "under imminent danger of serious physical injury." *Id.*

Last, although the district court dismissed Mr. Johnson's case as frivolous, it nonetheless granted his motion to proceed IFP on appeal. In light of our conclusion that Mr. Johnson's appeal is frivolous, we VACATE the court's grant of IFP status on appeal, and DENY IFP status on appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 445-46 (1962) (holding that a district court's certificate that an appeal is not taken in good faith "is not conclusive, although it is, of course,

---

[3](...continued)
to compel the defendants to obtain and produce the medical records of the outside specialists who examined and treated him. Again, his failure to cite any legal authority means the issue is waived.

entitled to weight"). Mr. Johnson is ordered to make immediate payment of the entire appellate filing fee.

The appeal is DISMISSED.

Entered for the Court


John C. Porfilio
Senior Circuit Judge