UNITED STATES COURT OF APPEALS

**April 25, 2014**

**TENENTH CIRCUIT**

CHARLES E. CRABTREE,

Plaintiff-Appellant,

v.

STATE OF OKLAHOMA;
DEPARTMENT OF HUMAN
SERVICES; PAMELA BEARD;
DEBBIE ANN FLEAK; KATHLEEN
MRASEK; TULSA COUNTY POLICE
DEPARTMENT, Detective's Division;
JOHN PRIDDY; DANA BOGIE;
TULSA COUNTY DISTRICT
ATTORNEY'S OFFICE,

Defendants-Appellees.

No. 13-5153
(D.C. No. 4:13-CV-00688-JED-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

After his conviction for sexually abusing two children Charles Crabtree

brought this federal civil rights suit against Oklahoma and several of its officials.

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Alleging false arrest, false imprisonment, and malicious prosecution, all in violation of his constitutionally protected civil rights, Mr. Crabtree asked the district court to release him from prison, award $15 million in compensatory damages, and provide punitive damages besides. The district court saw no claim on which relief could be granted and dismissed his case. After careful review, we find no legal error lurking in that disposition.

The first difficulty Mr. Crabtree faces is that the statute he invokes, 42 U.S.C. § 1983, doesn't provide the first remedy he seeks. Hastened release from state prison can be secured in court only through a writ of habeas corpus, not through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Because Mr. Crabtree's complaint did not make any claim for habeas relief, the district court rightly found itself powerless to order his immediate release from custody. The court was also right not to construe Mr. Crabtree's complaint as a habeas petition. Even though courts owe a liberal construction to *pro se* pleadings like Mr. Crabtree's, that obligation generally doesn't require courts to characterize civil rights claims as habeas claims. In fact, courts possess only limited authority to reinterpret civil rights claims that way. *See Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005). Neither does Mr. Crabtree ask us in this appeal to read his complaint as raising anything other than civil rights claims.

That brings us to Mr. Crabtree's second problem. Under *Heck v. Humphrey*, courts cannot award monetary damages for § 1983 civil rights violations when doing so "would necessarily imply the invalidity of [a prisoner's] conviction or sentence" and the prisoner has not demonstrated "that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). In this case, the district court thought granting Mr. Crabtree's requested damages would do just that. After all, the crux of Mr. Crabtree's claims is that prosecutors and other state officials unlawfully conspired to introduce false testimony and secure a guilty verdict in his criminal case. This court has routinely said false imprisonment and malicious prosecution claims along these lines implicate *Heck* by implying the claimant's conviction is unlawful. *See, e.g.*, *Wilkins v. DeReyes*, 528 F.3d 790, 801 & n.6 (10th Cir. 2008); *Gradle v. Oklahoma*, 203 F. App'x 179, 183 (10th Cir. 2006). The reason for that, of course, is that "a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976) (footnotes omitted).

It's true though that successful false arrest claims don't always imply the invalidity of the claimant's conviction. Many unlawfully arrested defendants still can be duly convicted of their crimes — even when their unlawful arrests lead to illegally obtained inculpatory evidence used at trial. *See Beck v. City of*

- 3 -

*Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999). But although Mr. Crabtree nominally raises a false arrest claim, his complaint doesn't seem to make any allegations beyond those that underlie his false imprisonment and malicious prosecution claims. Indeed, his false arrest claim is premised on the same accusations as these others: principally, that state officials knowingly relied on perjured testimony to convict him of a crime he insists never happened. As we have seen, if that's true his conviction cannot stand. The district court was therefore right to find Mr. Crabtree's claims all barred by *Heck*. *Cf. Jackson v. Loftis*, 189 F. App'x 775, 779 n.1 (10th Cir. 2006) (suggesting, without holding, that a false arrest claim alleging "arrest was improper *because [the prisoner] had not committed the alleged offenses* . . . may be the exceptional false arrest case that satisfies the 'necessarily called into doubt' condition for invoking *Heck*").

Mr. Crabtree doesn't venture any argument that the district court erred in finding his claims barred by *Heck*. He doesn't insist, for example, that any of his claims fall outside *Heck*'s restrictions because he could succeed on them without implying his conviction's invalidity. He doesn't purport to be excepted from the *Heck* doctrine because he's had no real opportunity to pursue habeas relief. *Cf. Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010) ("[A] petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim."). Neither does he maintain that his conviction and sentence in fact *have* been "reversed on direct appeal,

- 4 -

expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Before us, he doesn't mention the district court's *Heck* holding at all.

Instead, Mr. Crabtree tells us the district court erred in a different way. Aside from dismissing his claims without prejudice because of *Heck*, the district court additionally dismissed his claims against a couple of the defendants *with* prejudice because, as prosecutors, they stand immune from tort liability arising from their performance of the prosecutorial role. Mr. Crabtree argues these defendants' immunity should be held forfeit because they *knew* they were violating his rights. But the authorities he cites to support his position address qualified immunity, and the immunity enjoyed by prosecutors who've knowingly put on perjured testimony remains absolute. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 & n.34 (1976); *Burns v. Reed*, 500 U.S. 478, 484-87 (1991). As a result, the district court was right to hold the prosecutors in this case immune from civil suit.

Separately, Mr. Crabtree argues that he received inadequate process in this case because the district court dismissed his complaint without waiting for a magistrate judge's report and recommendation (despite the fact that the district court docket indicates the case was referred to one), and more generally because the district court afforded him insufficient opportunity to make his case. But a

civil rights claimant is not entitled to process before a magistrate judge when, taking his factual allegations as true, his complaint still raises no legal claim that would support relief. To the contrary, district courts are required by statute to screen prisoner claims against governmental employees and to dismiss any such claims that aren't a sound basis for legal relief — "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a), (b); *see also Jones v. Bock*, 549 U.S. 199, 213-16 (2007). That's exactly what the district court did here. And because Mr. Crabtree indeed cannot obtain relief on the claims he has brought even if his factual allegations should prove true, the district court was right to do as it did.

Because the district court ultimately dismissed Mr. Crabtree's complaint for failing to state a claim on which relief could be granted, that dismissal counts as a strike for purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1177 (10th Cir. 2011). Because Mr. Crabtree's arguments for reversal are wholly meritless and don't even address much of the district court's reasoning, we dismiss his appeal as frivolous and assess a second strike. *See Jennings v. Natrona Cnty. Det. Ctr.*

*Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999); *Johnson v. Standifird*, 400 F. App'x 369, 371 (10th Cir. 2010). We further deny Mr. Crabtree's motion to proceed in this appeal without prepayment of fees and direct him to pay the unpaid balance of the filing fee.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge