**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 28, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SCOTT HARRIS KOBEL,

      Plaintiff-Appellant,

v.

LANSING CORRECTIONAL
FACILITY; FNU LNU (1), Warden,
Lansing Correctional Facility; FNU
LNU (2), Deputy Warden, Lansing
Correctional Facility; FNU LNU (3),
Administrators, Lansing Correctional
Facility; (FNU) NANCE, Custody
Staff Housing C1, Lansing
Correctional Facility; (FNU) REECE,
Custody Staff Housing C1, Lansing
Correctional Facility; FNU LNU (4),
Any/All Unit Team Staff from
February 2013 to May 2013, Lansing
Correctional Facility; (FNU) MOORE,
S.O.R.T., Lansing Correctional
Facility; FNU LNU (5), All A1 Staff,
Lansing Correctional Facility; (FNU)
LONG, Lansing Correctional Facility;
FNU LNU (6), A1 Unit Team Staff,
Lansing Correctional Facility; (FNU)
ZAMORA, Correctional Officer I,
Lansing Correctional Facility; (FNU)
BEYEN, Correctional Officer I,
Lansing Correctional Facility; (FNU)
HEAD, Correctional Officer I, Lansing
Correctional Facility; (FNU) LEE,
Correctional Officer I, Lansing
Correctional Facility; (FNU)
GUNTHRIE, Correctional Officer I,
Lansing Correctional Facility; FNU
LNU (7), All A1 Custody Staff from

No. 14-3042
(D.C. No. 5:13-CV-03088-SAC)
(D. Kan.)

March 27 to April 9, 2013, Lansing
Correctional Facility; (FNU) LORD,
Lansing Correctional Facility; (FNU)
YOUNG, Lansing Correctional
Facility; (FNU) HARTLEY, Lansing
Correctional Facility; (FNU) ZEMA,
Lansing Correctional Facility; (FNU)
ELLIOTT, Lansing Correctional
Facility; (FNU) MUCKENTHALER,
Lansing Correctional Facility; (FNU)
HOLTHAUS, Lansing Correctional
Facility; (FNU) BASKAS,
Correctional Officer, Lansing
Correctional Facility; (FNU)
GRAHAM, Lansing Correctional
Facility; (FNU) PAYNE, Lansing
Correctional Facility,

        Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **GORSUCH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

Scott Kobel filed a *pro se* complaint against various Kansas prison officials

under 42 U.S.C. § 1983.  As required by statute, the district court screened

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Kobel's complaint to determine whether he stated a non-frivolous basis for legal relief. 28 U.S.C. § 1915A(a), (b); *see also Jones v. Bock*, 549 U.S. 199, 213-16 (2007). Finding none, the district court warned Mr. Kobel that if he did not correct his complaint and pay the required filing fee, his suit would be dismissed. Mr. Kobel never complied and the district court entered judgment dismissing Mr. Kobel's complaint without prejudice. Mr. Kobel then filed a motion for reconsideration under Fed. R. Civ. P. 60(b)(6) but the district court denied it. It is this denial Mr. Kobel now appeals.

Mr. Kobel argues that the district court should have reinstated his claims because he changed addresses and never received the district court's warning. But a movant seeking relief under Rule 60(b)(6) must "show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal quotation marks omitted). The district court found no such circumstances here because nothing prevented Mr. Kobel from apprising the district court of his new location or inquiring about the status of his lawsuit. Neither are we given any reason to think the district court's analysis or conclusion amounts to a reversible abuse of discretion. Mr. Kobel's motion to proceed *in forma pauperis* is therefore denied and this appeal is dismissed. This appeal counts as a strike for purposes of the Prison Litigation Reform Act. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999); *Johnson v. Standifird*, 400 F. App'x 369, 371 (10th Cir. 2010).

Mr. Kobel is reminded that he must make immediate payment of the unpaid balance of his appellate filing fee.  All other motions are denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge