FILED
United States Court of Appeals
Tenth Circuit

February 9, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID A. GONZALES,

    Plaintiff - Appellant,

v.

BERNALILLO COUNTY DISTRICT
COURT; STATE OF NEW MEXICO,

    Defendants - Appellees.

No. 15-2155
(D.C. No. 1:15-CV-00378-MCA-KBM)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

David Gonzales, a New Mexico state prisoner, appeals pro se[1] from the

dismissal of his 42 U.S.C. § 1983 complaint and the denial of his subsequent Fed. R.

Civ. P. 60(b) motion. He also seeks leave to proceed on appeal in forma pauperis

(IFP). We grant Gonzales' IFP motion and affirm the district court's rulings.

---

[*] After examining Gonzales' brief and the appellate record, we have
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value. *See*
Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe a pro se litigant's pleadings, holding them to "a less
stringent standard than formal pleadings drafted by lawyers," but we don't "assume
the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110
(10th Cir. 1991).

Gonzales filed a civil rights action against Bernalillo County District Court and the State of New Mexico, alleging violations of his constitutional rights in conjunction with state court proceedings. He moved for leave to proceed IFP and for appointment of counsel, but failed to submit required financial information with his IFP motion.

On May 6, 2015, the magistrate judge ordered Gonzales to submit within 30 days a certified copy of his inmate account statement for the six-month period immediately preceding the filing of his complaint, as required by 28 U.S.C. § 1915(a)(2). The magistrate judge warned him that failure do so could result in dismissal of his action without further notice. Gonzales didn't respond and, on June 24, 2015, the district court dismissed his case without prejudice, citing his failure to comply with the May 6 order and statutory filing requirements. The court denied Gonzales' motions for IFP status and appointment of counsel as moot.

On July 13, 2015, the district court received a letter from Gonzales dated July 1, 2015, and docketed the letter as a motion to reopen the case. In the letter, Gonzales explained that he had just received the June 24 order dismissing his case, he had previously sent the financial information required by the May 6 order, he didn't know why the court hadn't received it, and he was resending it. He further indicated he had been moved around the prison system, had limited access to his property, and, when he could access his journal, he could verify when he responded to the May 6 order. He also urged the court to confirm that the magistrate judge hadn't received his financial information. Gonzales attached to the letter his inmate account statement

2

from May 16, 2015, through June 15, 2015. Finally, Gonzales noted that his case had been dismissed without prejudice, attached a copy of the June 24 order, and informed the court he would like to refile his civil rights complaint. Gonzales sent another letter to the district court dated August 24, 2015, seeking a status update on his motion to reopen, motion to appoint counsel, and IFP motion.

The district court denied the motion to reopen on August 31, 2015, construing it as a Rule 60(b) motion and concluding Gonzales failed to assert adequate grounds for relief. In doing so, the court understood Gonzales' motion as "alleg[ing] that he did not timely receive the cure order," stated that "[n]othing on the docket indicates that [Gonzales] notified the Court of his changes of address," and cited *Kobel v. Lansing Correctional Facility*, 577 F. App'x 844 (10th Cir. 2014) (unpublished) as supporting denial of the motion. R. at 26-27.

Gonzales' notice of appeal is timely as to both the June 24 order dismissing his case[2] and the August 31 order denying his motion to reopen. *See* Fed. R. App. P. 4(a)(4)(A)(vi) (governing effect of timely Rule 60(b) motion on time for filing appeal from judgment).

First, we presume the district court issued the June 24 order under Fed. R. Civ. P. 41(b). That rule authorizes a district court, either upon a defendant's motion or sua sponte, to dismiss an action for failure to prosecute, failure to comply with the rules

---

[2] We have appellate jurisdiction over the district court's dismissal of this case even though the dismissal was without prejudice, because the district court dismissed the entire action, not just the complaint. *See B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1296 n.15 (10th Cir. 2008).

3

of civil procedure, or failure to comply with court orders. Fed. R. Civ. P. 41(b); *see Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that courts have interpreted Rule 41(b) as permitting sua sponte dismissal when one of these conditions is met). We review a dismissal under Rule 41(b) for an abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

When the district court dismissed this case for failure to comply with the magistrate judge's May 6 order, the record before the court demonstrated Gonzales hadn't complied with that order within the allotted 30 days. And the court waited an additional 19 days before dismissing the case without prejudice. Under these circumstances, the district court didn't abuse its discretion in dismissing Gonzales' complaint for failure to comply with the magistrate judge's May 6 order. *See Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 F. App'x 538, 540 (10th Cir. 2008) (unpublished) (holding district court didn't abuse its discretion in dismissing inmate's civil rights action without prejudice "based upon his failure to comply with the court's order to submit his certified, six-month account statement.").

Next, we consider Gonzales' challenge to the district court's August 31 order denying Gonzales' motion to reopen. The district court interpreted Gonzales' July 1 letter as alleging that he failed to respond to the May 6 order because he never received it. Then, relying on *Kobel*, the court determined Gonzales wasn't entitled to relief because he failed to update his address with the district court.

4

In *Kobel*, the district court screened a pro se prisoner complaint under 28 U.S.C. § 1915A(a) and ordered the prisoner to cure deficiencies in the complaint and pay the required filing fee or risk dismissal. When the prisoner failed to comply, the district court dismissed the complaint without prejudice. The prisoner then sought Rule 60(b) relief arguing he never received the court's warning because he had changed addresses. This court affirmed the denial of the Rule 60(b) motion, noting "nothing prevented [the prisoner] from apprising the district court of his new location or inquiring about the status of his lawsuit." 577 F. App'x at 845.

But a careful reading of Gonzales' July 1 letter reveals that *Kobel* doesn't apply here. Gonzales clearly stated in that letter that he had just received the June 24 order and he attached that order to his letter. Gonzales also said he was "not sure what happen[ed] to the prior order (Doc. 4) that [he] had sent to cure certain filing deficiencies," and that he was resending them. R. at 17. The record reflects that Document 4 is the May 6 order to cure, and Gonzales' letter alleges that he previously sent paperwork in response to that order. And, while Gonzales mentions moving from "prison to prison," he does so only to explain his lack of immediate access to his paperwork to verify when he responded to the May 6 order. *Id.* Thus, contrary to the district court's conclusions, Gonzales sought Rule 60(b) relief based on his belief he timely complied with the May 6 order, not because he never received the May 6 order.

Nevertheless, we affirm the denial of the Rule 60(b) motion because Gonzales isn't entitled to relief from the June 24 order dismissing his complaint. Significantly,

5

the May 6 order directed Gonzales to submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of his complaint, as required by 28 U.S.C. § 1915(a)(2). In his July 1 letter, Gonzales explained that he responded to the May 6 order and that he was resending the required information. But what he "re-sent" was a noncertified inmate account statement for a one-month period—May 16, 2015, through June 15, 2015—not the certified, six-month statement required by § 1915(a)(2).

Moreover, while Gonzales submitted documentation of his response to the May 6 order with his notice of appeal, that documentation demonstrates, at most, that Gonzales may have attempted to timely comply with the May 6 order. Specifically, the documents show that on May 15, 2015, Gonzales requested and obtained an inmate account statement for the one-month period from April 16, 2015, through May 15, 2015, and, according to his own notes, he sent that statement to the magistrate judge on May 25, 2015.

Even if we assume Gonzales actually sent the one-month statement on May 25, and that it simply got lost in the mail, Gonzales still failed to comply with the May 6 order because he never sent—or even tried to send—the district court a certified, inmate account statement for the required six-month period. Thus, even though we disagree with the district court's rationale for denying the Rule 60(b) motion, we agree Gonzales isn't entitled to Rule 60(b) relief.

We affirm both the district court's dismissal of this case without prejudice and its denial of the Rule 60(b) motion.[3] We grant Gonzales' IFP motion and remind him that he remains obligated to continue making payments until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] We note that a Rule 41(b) "dismissal without prejudice is not an extreme sanction because the remedy is simply to cure the defect and refile the complaint." *Brown v. Beck*, 203 F. App'x 907, 910-11 (10th Cir. 2006) (unpublished) (citation omitted). Thus, Gonzales can initiate a new civil rights action by refiling his complaint and either paying the full filing fee at the start of the litigation or successfully applying to proceed IFP by submitting the required information and complying with the district court's fee orders. *See id.*