**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 20, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CHARLES D.J. BARNES,

    Plaintiff - Appellant,

v.

UNITED STATES DISTRICT COURT;
NEW MEXICO CORRECTIONAL
FACILITY; EDDY COUNTY
DETENTION CENTER; PNM,

    Defendants - Appellees.

No. 19-2203
(D.C. No. 1:19-CV-00536-MV-KRS)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Charles Barnes, a state prisoner appearing pro se, appeals the district court's

dismissal of his complaint under Federal Rule of Civil Procedure 41(b) for failure to

prosecute and to comply with court orders.  He also requests leave to proceed *in*

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*forma pauperis* ("*ifp*").  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of his complaint and deny his *ifp* request.[1]

## I.  BACKGROUND

Mr. Barnes filed this action in the United States District Court for the District of New Mexico, alleging violations of his civil rights in state court proceedings and while incarcerated in state prison.  He did not pay the court filing fee, *see* 28 U.S.C. § 1914(a), or move to proceed *ifp*, *see id*. § 1915(a).  The district court entered an order directing him to pay the fee or submit an *ifp* application within 30 days.  The court instructed the clerk's office to send Mr. Barnes the proper application form.  It also advised Mr. Barnes that failure to cure this deficiency could result in dismissal.

Mr. Barnes did not comply with the order.  He moved for leave to proceed on appeal without prepayment of costs rather than submit the *ifp* form the court provided.  He also sent the court three letters that claimed they included payments for the filing fee.  None of the letters included payment.

The district court ordered Mr. Barnes to show cause why his complaint should not be dismissed for failure to comply with the court's earlier order.  Despite having more than two months to do so, Mr. Barnes did not address his failure to pay the filing fee or submit the proper *ifp* application.  He instead filed a request for an

---

[1] Because Mr. Barnes is pro se, we construe his filings liberally, but we do not act as his advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

evidentiary hearing and various documents concerning the merits of his alleged claims.

The district court dismissed Mr. Barnes's complaint without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with court orders. It dismissed as moot his request for an evidentiary hearing. Mr. Barnes timely appealed.

## II. DISCUSSION

### A. *Legal Background*

Federal Rule of Civil Procedure 41(b) authorizes a district court to sua sponte dismiss an action for failure "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). When, as here, a district court dismisses a complaint under Rule 41(b) without prejudice, it "need not follow any particular procedures." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 n.10 (10th Cir. 2007) (quotations omitted).[2]

We review a Rule 41(b) dismissal for an abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). "[U]nder what

---

[2] Rule 41(b) dismissals with prejudice, by contrast, require application of the multifactor test set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). *See Ecclesiastes 9:10-11-12*, 497 F.3d at 1143-44; *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003).

circumstances such a dismissal would be justified, or to the contrary found to be abuse of discretion, must depend on the procedural history of the particular case[] involved." *Rogers*, 502 F.3d at 1152 (quotations omitted).

## B. *Analysis*

Mr. Barnes has not shown the district court abused its discretion in dismissing his complaint. His brief on appeal discusses the merits of his underlying claims. *See* Aplt. Br. at 2-4. It does not address his failure to comply with the court's orders.

Mr. Barnes did not pay the filing fee or submit an *ifp* application, as required to proceed in district court. *See* 28 U.S.C. §§ 1914(a), 1915(a). The district court warned Mr. Barnes this deficiency could warrant dismissal, supplied the proper *ifp* application form, and provided him ample opportunity to submit the form or pay the fee. Mr. Barnes did neither. The court did not abuse its discretion in dismissing his complaint without prejudice for failure to comply with its orders. *See Ecclesiastes 9:10-11-12*, 497 F.3d at 1143; *Gonzales v. Bernalillo Cty. Dist. Ct.*, 640 F. App'x 759, 761 (10th Cir. 2016) (unpublished) (affirming Rule 41(b) dismissal without prejudice when plaintiff failed to comply with court's order to submit *ifp* materials under § 1915(a)).[3]

---

[3] Although not precedential, we find the reasoning of this unpublished opinion instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

4

Because Mr. Barnes has not advanced any "reasoned, nonfrivolous argument" in support of his appeal, we deny his request to proceed *ifp*. *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

## III.  CONCLUSION

We affirm the district court's dismissal of Mr. Barnes's complaint and deny his *ifp* request.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge